No. 14,649.

RIVERS *v.* PIERCE.
(103 P. [2d] 690)

Decided May 27, 1940.    Rehearing denied June 17, 1940.

Mr. MORTIMER STONE, Mr. ALDEN T. HILL, for plaintiff in error.

Mr. HATFIELD CHILSON, Mr. ROBERT M. McCREARY, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION in damages by plaintiff in error, who was also plaintiff below, for the loss of a horse, allegedly killed by defendant's negligent operation of a motor vehicle. Plaintiff recovered in the justice of the peace court, but on appeal to the county court, sitting without a jury, a

motion for nonsuit was sustained at the close of plaintiff's case. The findings of the court were against defendant on his counter-claim for damages to his car. Reversal is sought by plaintiff on a writ of error. No cross error is assigned to the ruling on the counterclaim.

The facts briefly are as follows: Plaintiff owns about fifty saddle horses at Estes Park. On the evening of July 5, 1938, about ten o'clock, two of his employees were driving the herd along the paved highway in an easterly direction from the village to the pasture. The horses were strung along the north side of the road (next to the pasture) for about one hundred yards. At the same time, defendant approached in his car, driving between forty and fifty miles an hour. He did not slacken his speed, he says, because he did not see the horses. He had passed all except the last one, which suddenly jumped in front of his car and was so badly injured that it had to be killed. The employees admitted they did nothing to get the horse off the shoulder of the road when they saw the car coming.

We think the court properly sustained the motion for nonsuit.

■ While a motorist is required to exercise reasonable care to avoid a collision with domestic animals on a highway, he is not an insurer against injury to such animals, and if injury occurs which is unavoidable he is not liable. Liability attaches in such cases only where the driver of the car is negligent, which negligence must be established by the owner of the animal injured or killed. 5-6 Huddy Law of Automobiles, p. 358, §212.

The attempt on the part of the plaintiff in error to show that it was the custom in Estes Park to give saddle horses the right of way, such as would entitle it to legal sanction, is not convincing and we do not consider it.

Judgment affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.