LOTTINGER, Judge.
This is a suit in tort by the parents of the late Garland Jude Weber, Jr., for damages resulting from an accident between a motorcycle and a truck in which young Weber was killed. The defendants are Souley Trippe, the driver of the truck, his brothers, Joseph Trippe and Sam Trippe, who were in partnership with Souley Trippe, and Southern Farm Bureau Casualty Insurance Company, the liability insurer of the Trippe vehicle. The Lower Court granted judgment in favor of petitioners and against the defendants. The defendants have appealed, and the petitioners have answered the appeal seeking an increase in quantum.
The undisputed facts disclose that on the evening of November 25, 1958, some time prior to 8:00 o’clock p. m., young Weber and a companion, Raleigh Joseph Landry, were riding on Weber’s motorcycle coming from New Sarpy and going towards *139 Ponchatoula in the Parish of Tangipahoa. They were, therefore, proceeding in a northerly direction. The weather was clear and the highway upon which they were traveling ran through swampy terrain and was of blacktop construction, the blacktop being 24 feet in width. During the journey, the bulb in the taillight on the motorcycle which was being driven by young Weber became loose and went out. Young Weber and young Landry stopped the motorcycle so as to tighten the bulb in order to fix the taillight. While they were so stopped, they were struck by the truck driven by defendant, Souley Trippe, who was also proceeding in a northerly direction along the highway and at a speed of some thirty miles per hour. The accident occurred at approximately 8:00 o’clock p. m., and the weather was described as clear and dark.
The defendant, Souley Trippe, testified that as he was driving along immediately prior to the accident, he was approached by three vehicles proceeding along the highway in a southerly direction and he was blinded by the headlights of the last vehicle. It was his testimony that when the last car “released the lights”, he noticed something black in the highway at a distance of some thirty feet. He immediately applied his brakes, however, he struck the object, and upon coming to a stop discovered the tragedy. It is the contention of the defense that the boys and the motorcycle were stopped in the northbound lane of traffic and that they made no attempt whatsoever to signal oncoming traffic of their presence in the roadway.
The petitioners, on the other hand, as testified by Raleigh Joseph Landry, claimed that the boys parked the motorcycle at the extreme right hand edge of the blacktop. While the deceased was in a crouched position at the rear of the motorcycle attempting to fix the taillight bulb, young Landry was in the front of the motorcycle turning the handlebars in an arch so as to move its headlight to warn oncoming traffic of their presence in the highway. It is the position of the petitioners that by virtue of the moving headlamp on the motorcycle the oncoming truck should have been warned, or the driver thereof should have seen the warning signal, and should have reduced the speed of his truck to such an extent as to be able to avoid the collision. The petitioners contend that the accident was caused by the negligence of the defendant driver, and, in the alternative, that the truck driver had the last clear chance to avoid the accident. The defendants, on the other hand, alleged the contributory negligence on the part of young Weber.
We believe that the record clearly shows that the point of impact was within the north bound, or the right hand, lane of traffic at a distance of approximately three feet from the eastern edge of the blacktop. This location was fixed by Ralph L. Stevens, the State Trooper who investigated the accident, and his testimony is corroborated by photographs which are introduced into the record. These photographs show a pool of blood situated along the highway and at some distance from the right hand edge of the blacktop which is almost impossible to determine merely by looking at the photographs. However the photographs further disclose that skid marks from the truck, which were apparently made by its rear right dual wheels, are located within some short distance, say about a foot, from the edge of the blacktop. The front bumper of the truck and the grill work disclose that the point of impact on the truck was just to the right of center. This evidence indicates to us that young Weber and the motorcycle were at least three feet out on the blacktop portion of the highway at the time of the accident. The only evidence which would tend to contradict this was the testimony of young Landry to the effect that they had stopped on the extreme edge of the blacktop.
The evidence further indicates to us that the defendant driver had absolutely *140 no warning of the presence of the boys on the highway until they came within the vision of his headlights. He was traveling with his lights on dim because of oncoming traffic. Young Landry testified that he was in the front of the motorcycle and Weber was in the back of it. He stated that he had been looking towards the front and when he looked back the truck was right on him. By looking towards the front he meant that he was looking in the direction in which they had been traveling because he testified that at that time there was a car or cars approaching at a distance of approximately one mile. This evidence indicates that, at the time of the impact, the motorcycle was facing north. We do not believe that, from such a position, young Landry could turn the handlebars to such a degree that the headlight would be visible to the truck approaching from the rear. The evidence, therefore, indicates that the driver of the truck had no prior warning of the perilous position of the two boys in the highway, and we certainly do feel that they were negligent in stopping in such a position particularly in view of the fact that the evidence shows that there was a wide shoulder on their side of the highway some ten feet in width.
The rule with reference to travel on the highways of this State is generally that a motorist may assume that the road is safe for travel even at night. He is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he has no reason to anticipate he would encounter on the highway. Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909. Now, in the present case, we have the defendant driver proceeding along a lonely stretch of highway across marshland on a night that was described as very dark. This highway, as testified by the State Trooper, was patched a number of times and a large amount of white shells showed through the blacktop. The roadway had holes, deep ruts and bumps. As the driver proceeded along this stretch of road against oncoming traffic, he came upon the two boys and the motorcycle, all facing in the direction away from the on-coming driver. Nearest him was the rear of the deceased in a squatted position fixing the taillight of the motorcycle. The deceased was wearing a black cap, a black leather jacket and blue dungarees. The motorcycle was a dark red or maroon. Young Landry, who was at the front end of the motorcycle facing in the opposite direction wore a dark red jacket. The position of these two youngsters and the motorcycle were some three feet from the edge of the blacktop in the approaching drivers’ lane of traffic. We believe that this situation presented an unexpected or unusual obstruction which the driver had no reason to anticipate he would encounter on this highway, and, faced with the sudden emergency created by the presence of this obstruction he immediately applied his brakes in a futile attempt to avoid the impending collision. We do not feel that the defendant driver can be held negligent in this accident and, certainly, even if we were to assume that he was guilty of negligence, certainly the negligence of the young boys in remaining in their perilous position contributed to the accident, and their contributory negligence extended until the time of the impact. If any last clear chance presented itself for the avoidance of the unfortunate accident, the last clear chance was in favor of the young boys, as young Landry testified that he was looking in the opposite direction and did not notice the oncoming truck until the truck was right upon them. We believe, therefore, that the Lower Court erred in awarding judgment in favor of petitioners, and such judgment will be reversed.
For the reasons hereinabove assigned, the judgment of the Lower Court is reversed and there is judgment in favor of defendants and against petitioners dismissing petitioners’ action. All costs of this appeal shall be paid by petitioners.
Judgment reversed.