TATE, Judge.
The plaintiffs owned a Black Angus calf which was struck by a vehicle driven by the defendant Owens. The plaintiffs sue Owens and his liability insurer for the value of the dead calf. They appeal from judgment dismissing their suit.
The facts are uncontradicted. The accident occurred after dark. Owens was driving at a speed of about 30 mph on a gravelled country road. He had his headlights on bright. He did not see the black calf standing in or walking across the roadway until he was too close to avoid hitting it. His vehicle made thirty feet of brake-marks before the collision.
In holding the defendant driver free of negligence, the trial court held his failure to see the cow to be excused by its blackness, remarking that a motorist is not the insurer of cows on the highway.
To some extent, the trial court’s reasons for judgment were influenced by the cases relied upon by the defendant. These concern the lesser duty of a motorist with regard to cattle on the highways in areas where there is a “stock law” prohibiting livestock roaming at large on the highways of the area. See, e. g., Huval v. Burke, La. App. 3 Cir., 160 So.2d 810 and Long v. Travelers Insurance Company, La.App. 2 Cir., 150 So.2d 52.
We find that the trial court erred as a matter of law in exculpating the defendant driver for failing to see sooner the cow standing or walking in his path. The accident did not occur in stock law country; therefore, the trial court was in error to hold the motorist only to the lesser standard of care then required.
The defendants did plead that the accident happened in a stock law area, so that the plaintiffs violated their duty to keep the calf off the highway. However, by stipulation, Tr. 38, introduced into evidence was a statement of the police jury secretary-treasurer that there was no police *783 jury ordinance providing for a stock law affecting the road in question. Tr. 9.
There is no evidence in the record that the the gravelled parish roadway in question was subject to any applicable stock law. See LSA-R.S. 3:2803 (certain state highways) and 3.3001 et seq. (authorizing adoption of stock law ordinances by local governing authorities). Although the local police juror believed that the area was subject to a stock law, he frankly admitted that he did not know of any law to this effect having been passed. Tr. 17.
With regard to cattle in the roadway, the standard of care and of liability of a night motorist in open range country is that he is negligent and liable for the resulting damage if he runs into cattle standing or walking normally in the roadway; further, his failure to see the cattle sooner is not excused by their obscuring coloration nor because the motorist’s speed and control were reasonably prudent except for the unexpected circumstance of finding livestock in his path.[1] Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412; Fontenot v. Continental Casualty Co., La.App. 3 Cir., 175 So.2d 853; Ahshire v. Hoffpauir, La.App. 3 Cir., 169 So.2d 740; Peart v. Slocum, La.App. 3 Cir., 142 So.2d 421; McGee v. Southern Farm Bureau Cas. Co., La.App. 3 Cir., 125 So.2d 787.
Of course, even in open range country a motorist is not liable if he runs into a cow which suddenly runs into his path. Fontenot v. Hartford Accident and Indemnity Co., La.App. 3 Cir., 173 So.2d 275; Pickett v. Travelers Insurance Co., La.App. 3 Cir., 127 So.2d 547. There is no contention here of this defense. In fact, the uncontradicted testimony of the defendant motorist is that he did not see the calf until too close to stop, at which time it was in the middle of the roadway, either crossing it, Tr. 16, 21, 25, or else standing in it, Tr. 22.
We find, therefore, that the defendant motorist was negligent in striking the plaintiffs’ cow in the roadway. The plaintiffs are therefore entitled to judgment in the amount of $175, the stipulated value of the calf struck by Owens, the defendant driver.
Accordingly, we reverse the judgment of the trial court dismissing the plaintiffs’ suit; it is further ordered, adjudged, and decreed that there be judgment in favor of the plaintiffs, Sterling Evans and Gus *784 Wortham, and against the defendants, Robert Owens and the State Farm Mutual Automobile Insurance Company, holding them solidarily liable to the plaintiffs in the amount of One Hundred Seventy-Five and No/100 ($175.00) Dollars, together with legal interest thereupon from date of judicial demand until paid. The defendants-appellees are to pay all costs of this suit and of this appeal.
Reversed and rendered.

. (By author of opinion).
This is to be contrasted with the legal rule applicable where the night motorist runs into an obscured truck criminally obstructing the highway, in which case the motorist may be free of a duty to anticipate and observe sooner this dangerous obstacle. Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909; Sittig v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 198 So. 2d 514.
Perhaps for similar reasons (since under present day conditions the legal interests of unobstructed transit on the highways may outweigh the interests of allowing open range for cattle upon trav-elled highways, or—to state the rationale in legalese—since under present conditions a reasonably prudent motorist is under a much lesser duty to anticipate the ■presence of cattle on highways than in former times, when the practice was more -common) a similar lesser standard of care may at some later date. be exacted of night motorists who strike cattle in the roadway, see e. g., Long v. Travelers Ins. Co., La.App. 2 Cir., 150 So.2d 52; but the most recent expression of the Supreme Court has rejected this approach, see Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412, as have the most recent opinions of this court, cited above in the body of this opinion.
The difference in the standard of liability is an illustration that the liability of an actor is measured by the duty owed to the person injured, so that the same conduct may be negligent as to one class of persons owed a higher legal duty and yet not negligent to another class of persons owed a lesser duty. See the writer’s concurring opinions in Vander v. New York Fire & Marine Underwriters, Inc., 192 So.2d 635 at 640 and in Eubanks v. Wilson, La.App., 162 So.2d 842 at 848.