PEXA, Appellant v. CLARK et al., Respondents

(176 N.W.2d 497)

(File Nos. 10663, 10694, 10699.   Opinion filed April 16, 1970)

**Bangs, McCullen, Butler & Foye,** Rapid City, for plaintiff.

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, for defendant Mechaley.

**Thomas Ranney and Robert LeFleur,** Rapid City, for defendant Clark.

BIEGELMEIER, Judge.

Leo Pexa was the driver of a passenger bus on paved, divided, four-lane U. S. Highway 79 bound for Rapid City, South Dakota, one night when, after passing an automobile about three miles south, he was confronted with several horses on the highway. The bus collided with one of the horses causing the bus to go into the ditch resulting in injuries to Pexa from which he died twelve days later. He left surviving him five children, three of whom were living at home. He was the sole support of his widow and two minor children. Plaintiff's complaint stated defendants were negligent in permitting the horses to run at large, and set out her claims in two causes of action—the first, for Pexa's wrongful death on behalf of designated beneficiaries

and the second for medical expenses, pain and suffering. A jury returned a verdict as follows:

> "We, the jury, find for the plaintiff and against the defendants, Robert Mechaley and Kenneth Clark, upon all of the issues. With respect to plaintiff's first cause of action, we assess her damages in the sum of **$NO-$,** and with respect to plaintiff's second cause of action we assess her damages in the sum of **$2671.53."**

The trial court entered judgment plaintiff recover nothing on the first cause of action and recover the $2,671.53 on the second and thereafter denied plaintiff's motion for a new trial on the first cause of action or in the alternative on both causes of action. In #10663 plaintiff appeals from the judgment and assigns as error the order denying the motion for a new trial. In #10694 and #10699 defendants Mechaley and Clark separately appeal from the judgment.

The evidence showed defendant Clark was the owner of a Shetland pony and defendant Mechaley the owner of six horses pastured in a common pasture. Exhibits showed it to be an irregular tract about ¾ of a mile long and 400 to 500 feet wide roughly parallel to Highway 79 about 900 feet to the west, with a railroad right-of-way between them. There were several tracks on this right-of-way for most of the distance but a single track for part of it near the south end of the pasture. There were some obstructions such as this grade, standing cars and the terrain between the pasture and highway, yet once outside the fence the horses were able to and, as the evidence showed, they did roam over to and on Highway 79. Horse tracks, fences in disrepair and an open runway to the highway were evidence to support this conclusion.

While there was evidence they were seen generally in an area outside the fences near the barn at the north or far side of the pasture, having knowledge of the condition of their fences and ability of the horses to get out of the pasture, there was sufficient evidence for a jury to find they were negligent in their duty to maintain their fences suf-

ficient to confine the horses. They had been seen out at various times and this was reported to both defendants; one report was to the effect they were on the highway, but after investigation Mechaley said he found them outside the fences near the barn. A couple of times when the horses were out they were west of the pasture, close to the tracks and started toward the depot when the witness turned them around and headed them back. On one occasion the witness helped defendant Mechaley put a horse back in the pasture. One witness testified as to the pony, "He'd just come out and go in. * * * He was just out and in all the time."

The court in Eixenberger v. Livestock Exchange, 75 S.D. 1, 58 N.W.2d 235, had occasion to consider the duty of an owner of horses to provide for their care. The court quoted favorably from the opinions in Smith v. Whitlock, 124 W.Va. 224, 19 S.E.2d 617, 619, 140 A.L.R. 737, and Drew v. Gross, 112 Ohio St. 485, 147 N.E. 757. We remain in accord with the views there expressed and on this phase of the appeal conclude with the following paragraph of that opinion:

> "It is an undisputed fact that the two horses involved in this accident were the property of the defendants, were subject to their control, and were at large and unattended at the time of the collision. The character of the highway, the kind of traffic thereon, the time of day and other pertinent facts, which we have already described, were known to the defendants. Reasonable minds might very well have drawn different conclusions from the evidence as to whether the defendants should have reasonably anticipated the hazard of horses running at large in the vicinity of this highway at the time and under the circumstances shown by the evidence."

Defendants owed Pexa a duty to protect him against the hazard presented if the danger should have been reasonably anticipated. Weighing the facts as between these present and those in Eixenberger, here all seven horses, including defendant Clark's pony, had left the pasture as some had several times before and were roaming on the right-of-way of a busy four-lane divided paved highway

used by trucks and buses; the pasture and accident site were not in remote rural areas but on the outskirts of the second largest city in the state during summer tourist season. All these circumstances are to be taken into consideration as evidence of negligence, and the trial court submitted these to the jury on instructions generally following Eixenberger to which no error is claimed.

Defendants also argue the evidence of contributory negligence is different from that in the Eixenberger action as there plaintiff's evidence indicated the horses came up suddenly out of the ditch and he had no time to think about stopping or avoiding them, while here they contend Pexa "was guilty of contributory negligence of a degree greater than slight, as a matter of law" and the motions for a directed verdict should have been granted. There was evidence that as the bus came up behind a slower moving vehicle, Pexa dimmed the lights and passed it at a speed of 55 or 60 m.p.h.; at that time cars were coming south on both of the other two lanes. Pexa started to pull back onto the right lane when he saw two horses about 50 or 75 feet ahead of him, one in the outside lane and one on the inside lane; that he immediately applied his brakes and tried to steer between them but the left front of the bus struck one of them causing the bus to go off the highway. One witness, a passenger in the second seat, testified she saw three horses walking ahead in the left lane when the bus was in the right lane; she couldn't tell exactly but they could have been 150 feet ahead. Another witness, the driver of the truck which the bus passed, testified he first saw the horses when "one of them was right by the front end of the bus, the front end of the bus was already past it, and there was one standing on the right-hand side of the road there, the shoulder of the road." When the bus went around him he couldn't see any horse and he never saw any horse come in contact with the bus. The horse which was struck appears to be dark.

From this evidence it was for the jury to determine whether there were two or three horses, their location and movements, the choice the driver made to avoid them and the situation that confronted him in determining

whether he was contributorily negligent. Ordinarily questions of negligence, contributory negligence and the comparative extent thereof are for the jury. Myers v. Quenzer, 79 S.D. 248, 110 N.W.2d 840; Bogh v. Beadles, 79 S.D. 23, 107 N.W. 2d 342. The trial court correctly denied defendants' motions for directed verdicts.

Plaintiff's motion was for a new trial of the first cause of action, i. e., to recover damages for death caused by wrongful act or neglect.

■ In this state plaintiff's second cause of action for medical expenses, pain and suffering survives the deceased person, SDCL 15-4-1, 15-4-2 and see Plank v. Heirigs, 1968, 83 S.D. 173, 156 N.W.2d 193; as it is a right of recovery which accrues during the lifetime of deceased the proceeds are an asset of the estate. In addition, an independent cause of action exists for wrongful death, SDCL 21-5-1, on behalf of designated beneficiaries. SDCL 21-5-8. They are two separate and distinct causes of action. Lanning v. Schulte, 82 S.D. 528, 149 N.W.2d 765, note 1; Plank v. Heirigs, 83 S.D. 173, 156 N.W.2d 193, more fully discussed in Simons v. Kidd, 73 S.D. 41, 38 N.W.2d 883, and Rowe v. Richards, 32 S.D. 66, 142 N.W. 664, L.R.A., 1915E, 1069. Plaintiff may therefore challenge the one recovery without affecting her right to the other. See Meyer v. Meyer, 76 S.D. 268, 77 N.W.2d 559, and Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337. This includes the right to a new trial of one cause of action independent of the other. Spawn v. South Dakota Cent. Ry. Co., 26 S.D. 1, 127 N.W. 648, 25 Ann. Cas. 979.

■ Plaintiff's motion for a new trial stated three grounds: (1) Insufficiency of the evidence to justify the finding of no damages; (2) that the verdict is contrary to law and in disregard of the instructions as the evidence does not support an award of no damages; and (3) after having found for plaintiff on all the issues, an award of no damages is inadequate and demonstrates the verdict was returned under the influence of passion or prejudice. These are substantially the grounds set out in Gould v. Mans, 82 S.D. 574, 152 N.W.2d 92, upon which the courts hold such verdicts invalid. The verdict on the wrongful death is inconsistent

in itself as the finding is for the plaintiff on all the issues with "**NO-$**" damages allowed and inconsistent with the verdict and damages for plaintiff on the second cause of action. Whether tested by the Gould yardsticks or that it is not free from ambiguity and is "insufficient" under SDCL 15-14-30, the verdict cannot be permitted to stand and the motion for a new trial should have been granted. See Anderson v. Paulson, 77 S.D. 583, 96 N.W.2d 305. There was ample undisputed evidence 56-year-old Pexa was a gainfully employed, experienced truck and bus driver and the sole support of his wife and minor children.

&#9646;&#9646; In the event a new trial is allowed on the wrongful death cause of action, plaintiff urges the retrial be limited to the issue of damages. Counsel admit that in Hanisch v. Body, 1958, 77 S.D. 265, 90 N.W.2d 924, the court held to the contrary, but ask the court to reexamine the holding and adopt the rule announced in Caster v. Moeller, 1964, 176 Neb. 446, 126 N.W.2d 485. The original South Dakota comparative negligence statute, Ch. 160, S.L.1941, was patterned after the Nebraska statute and first before this court in Friese v. Gulbrandson, 1943, 69 S.D. 179, 8 N.W.2d 438. It now appears as SDCL 20-9-2 and, for the purposes of our consideration of plaintiff's proposed remand, may be said to be of similar import as our original act.[1] The power to award a new trial limited to the issue of damages only is recognized both in trial and in appellate courts. Larson Elec. Co. v. R. W. Vander Vorste, 81 S.D. 296, 134 N.W.2d 500, and see 29 A.L.R.2d 1207-1208; 85 A.L.R.2d 9, 61.

In appeal #10663 the court is unanimous in concluding a new trial must be granted on the first cause of action for wrongful death, but differs as to the remand that should result therefrom. Judge Rentto and the author of this opinion believe the motion for a new trial as to the first cause of action should be granted and the retrial be limited to

---

1. SDCL 20-9-2 still retains a reference to the contributory negligence of plaintiff as slight to be compared with the negligence of defendant rather than his gross negligence as formerly worded.

the issue of damages only in accord with the cited Nebraska opinion.

■ However, a majority of the court is of the opinion this record reflects a compromise and thus does not justify such limited remand and concludes that justice requires the order denying plaintiff's motion for a new trial be reversed and a new trial be granted plaintiff of both causes of action on all the issues and the action is so remanded to the circuit court.

Defendants' appeals in #10694 and #10699 are affirmed.

The Judges concur in the opinion as above indicated.