No. 12175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

ARVID FRIES,

Plaintiff and Appellant,

-vs-

TOM SHAUGHNESSY,

Defendant and Respondent.

---

Appeal from:  District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Ellsworth A. Cragholm, submitted on briefs, Missoula,
Montana.

For Respondent:

Garlington, Lohn and Robinson, Missoula, Montana.
Robert E. Sheridan argued, Missoula, Montana.

---

Submitted: April 21, 1972

Decided: MAY 12 1972

Filed: MAY 12 1972

Thomas J. Kearney
Clerk

Honorable Charles Luedke, District Judge, sitting in place of Mr. Justice Wesley Castles, delivered the Opinion of the Court.

In this action the plaintiff appeals from an order of the trial judge granting defendant's motion to dismiss the complaint at the close of plaintiff's case. A counter-claim by defendant was likewise dismissed, the defendant electing to not pursue the same.

The circumstances of the case are as follows: Plaintiff owned a quarter horse mare, three years old, which he had pastured out under the care of another individual. At about 10:30 P.M. on December 22, 1967, the plaintiff was eating at Tripp's Cafe in Lolo, Montana, when he was advised by the party caring for the horse that it had been hit on the road by a car. Plaintiff went to the scene of the accident, being about nine-tenths of a mile west of Lolo, and found the horse so severely injured that it had to be destroyed.

There were no eyewitnesses to the accident. Earlier that day it had snowed, turning to a light freezing rain at the time of the accident. The temperature was approximately 26 degrees and the road was slippery and ice covered.

The next morning at about 9:30 A.M. plaintiff returned to the scene to remove the horse and at that time saw some skid marks on the road surface. He stepped them off as 63 steps to the apparent point of impact and 43 steps beyond that point during which the car apparently was spun around and skidded backwards.

The area involved is in "open range" country and the horse had gotten out of the pasture through a gate which was left open. From tracks left by the horse, it had evidently been walking along the side of the highway towards defendant's

- 2 -

oncoming car when, for reasons unknown, it crossed the road and was hit.  Defendant reported the accident to the Highway Patrol, but no on-the-scene investigation was made.

Plaintiff, by this action, has brought suit against defendant to recover the value of the horse.  Plaintiff presented two witnesses, himself and his wife, and the facts recited above summarize the totality of their testimony insofar as the issue of defendant's alleged negligence is concerned.

The trial judge dismissed the plaintiff's claim on the ground that to find negligence based only upon proof of skid marks, without the aid of expert testimony to translate their meaning, would be an exercise of gross speculation upon the part of the court.

Plaintiff contends that the trial court erred in this regard in that speed itself does not determine negligence so that the court is not required to find an exact speed by speculation or otherwise, but only to give effect to the circumstances shown which demonstrate that defendant was driving at a speed (whatever it was) greater than was reasonable and proper under the conditions then existing in violation of section 32-2144, R.C.M. 1947.

Plaintiff's position, however, is necessarily grounded upon the assumption that because an accident happened, negligence existed and that because automobile skid marks appeared it was the driver who was negligent.  This view overlooks some parts of the whole content of the statute upon which plaintiff relies, namely, section 32-2144, R.C.M. 1947, in that there must be taken into account " * * * amount and character of traffic, condition of brakes, weight of vehicle, grade and

width of highway, condition of surface, and freedom of obstruction to view ahead. * * *" The mere showing of an icy road condition and the existence of uninterpreted skid marks, falls far short of demonstrating any violation by defendant of this statute which contemplates the whole and not only a part of the circumstances existing. Likewise, such a showing fails to show existence of any want of ordinary care or skill by reason of defendant's failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done.

The mere happening of an accident is not evidence of negligence. Stocking v. Johnson Flying Service, 143 Mont. 61, 387 P.2d 312; Flansberg v. Montana Power Co., 154 Mont. 53, 460 P.2d 263. Likewise, there is no presumption of negligence upon the part of a driver whose vehicle collides with livestock (section 32-1020, R.C.M. 1947) and the rule is not different because of the fact that the accident occurred in an "open range" area.

To find negligence on the basis of the limited and incomplete evidence before the court would have required speculation and conjecture on the part of the trial judge. His order dismissing the complaint was proper and is affirmed.

It is noted that the defendant filed a motion to dismiss plaintiff's appeal for his failure to except to the court's findings of fact and conclusions of law. Ruling on this motion was reserved until the hearing on the merits. In view of the decision reached herein, no action on such motion is now necessary.

_____
Hon. Charles Luedke, District Judge,
sitting in place of Mr. Justice
Wesley Castles.

We concur:

_____
Chief Justice

_____

_____,

_____
Associate Justice