No. 13014

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

TYYRA J. ERICKSON and
NILS G. ERICKSON,

                Plaintiffs and Appellant,

        -vs -

LUELL J. PERRETT,

                Defendant and Respondent.

---

Appeal from:   District Court of the Fourth Judicial District,
               Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellant:

        Boone, Karlberg & Haddon, Missoula, Montana
        Sam E. Haddon argued, Missoula, Montana

    For Respondent:

        Worden, Thane, Haines and Williams, Missoula,
         Montana
        Shelton C. Williams argued, Missoula, Montana

---

                            Submitted:   November 5, 1975

                            Decided:  JAN 21 1975

Filed:

*Thomas J. Kearney*
                                    Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment for defendant entered in the district court, Missoula County. Plaintiffs seek review of a jury verdict for defendant in a personal injury and property damage action. Motions by plaintiffs pursuant to Montana Rule of Civil Procedure 50(b), for a new trial or in the alternative for judgment notwithstanding the verdict were denied.

The instant case grew out of an automobile accident which occurred on December 4, 1972, near the intersection of Brooks Street and South Avenue in Missoula under extremely icy conditions. An automobile driven by defendant Luell J. Perrett collided with the rear of a car driven by plaintiff Nils G. Erickson in which his wife plaintiff Tyyra J. Erickson was riding.

At the time of the collision plaintiff Ericksons' vehicle was headed south on Brooks and was stopped in the right-hand traffic lane behind other stopped vehicles waiting for the traffic signal at the intersection of Brooks and South to turn from red to green. Defendant Perrett's car was also proceeding south on Brooks in the right-hand lane, attempting to turn left into the middle lane. After moving two-thirds of the way into the middle lane, defendant's vehicle turned back into the right lane because a panel truck had entered the middle lane in front of him. Even though defendant was traveling slowly, about ten miles per hour, the icy street conditions prevented him from stopping before he hit plaintiffs' vehicle. Property damage to defendant's and plaintiffs' vehicles as a result of the accident was $78 and $94.84, respectively.

Action was brought for property damage to plaintiffs' automobile; for medical and hospital expenses, lost wages, pain and suffering and general damages from injuries to plaintiff Mrs. Erickson; and for damages for lost employment to Mr. Erickson while he was caring for his wife.

The matter came on for trial on November 25, 1974. Plaintiffs' motion for a directed verdict at the close of the evidence was denied and the jury found for defendant on the issue of liability. Subsequently plaintiffs moved, pursuant to Rule 50(b), M.R.Civ.P., for a new trial or judgment notwithstanding the verdict. The district court denied plaintiffs' motions and they appeal.

Presented for review is the correctness of the district court's rulings on plaintiffs' motions, as well as whether the evidence was sufficient to uphold the verdict.

While the tests for directing judgment notwithstanding the verdict or a new trial are dissimilar, we consider the denial of both Rule 50(b) motions together, in view of the discretion granted to the district court and this Court by Rule 50(b). This discussion in 5A Moore's Federal Practice Para. 50.11, p.2363, supports that discretion:

> "Rule 50(b) provides for three possible dispositions of a motion made thereunder. If there is evidence to support the verdict, the trial court must enter judgment in accordance with the verdict; it cannot order a new trial. If the evidence is insufficient to permit a verdict to stand under the rigid tests heretofore described, the trial court is given a discretionary power either to order judgment for the moving party, to grant a new trial, or to order dismissal without prejudice under Rule 41. * * *"

Cases from the United States Supreme Court have held this discretion in Federal Rule 50(b), which Montana's rule is patterned after, also applies to review by appellate courts. Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L ed 335, cited with approval in Neely v. Martin K. Eby Construction Co., 386 U.S. 317, 322, 87 S.Ct. 1072, 18 L ed 2d 75.

Appellants argue that there is insufficient evidence to support the verdict in view of the respondent's breach of duty established by these Montana statutes:

Section 32-2144, R.C.M. 1947:

"(a)  A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and he shall drive it so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.

"(b)  * * *

"(c)  The driver of a vehicle shall, consistent with paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon a narrow or winding roadway, and when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway condition."

Section 32-2153, R.C.M. 1947:

"The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:

"(a)  The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

"(b)  Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

Section 32-2159(a), R.C.M. 1947:

"Whenever any roadway has been divided into two(2) or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply.

"(a)  A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

Section 32-2160(a), R.C.M. 1947:

"(a)  The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

Appellants argue breach of duty established by these statutes is conclusive as to the issue of negligence and could not be overlooked by a jury. Respondent submits that there is substantial evidence to support the jury verdict. However, we reverse the district court.

We note that the mere happening of an accident is insufficient evidence of negligence. Flansberg v. Montana Power Co., 154 Mont. 53, 58, 460 P.2d 263; Fries v. Shaughnessy, 159 Mont. 307, 310, 496 P.2d 1159. Further when the breach of a statutory duty is alleged, that duty required by statute must be the efficient or proximate cause of the damages for negligence to be predicated on the violation of the statute. Joki v. McBride, 150 Mont. 378, 436 P.2d 78; Rauh v. Jensen, 161 Mont. 443, 445, 507 P.2d 520.

In the instant case the above statutes do contemplate protection of drivers who are stopped waiting for traffic signals to change. Respondent's unsuccessful attempt to change lanes and his failure to stop because of the icy road conditions involved breaches of the duties imposed by the statutes which led proximately to the accident.

These Montana cases where the defendant claimed that a factor over which he lacked control excused his conduct--Custer Broadcasting Corp. v. Brewer, 163 Mont. 519, 518 P.2d 257 (swirling snow), Farris v. Clark, 158 Mont. 33, 487 P.2d 1307 (failure of power steering), and McDonough v. Smith, 86 Mont. 545, 284 P. 542 (oncoming vehicle)---are applicable to the instant case. Thus through failure to control his vehicle negligence per se was established on the part of respondent which the jury could not overlook. McNair v. Berger, 92 Mont. 441, 15 P.2d 834; Burns v. Fisher, 132 Mont. 26, 313 P.2d 1044; Williams v. Maley, 150 Mont. 261, 434 P.2d 398.

- 5 -

Still respondent argues that there was a sufficient basis for the jury to find no negligence on his part because of the intervening negligence of a panel truck which allegedly suddenly entered the middle lane in front of him. This mysterious panel truck, which could not be located nor its driver produced at trial, is also the basis for the injection of the doctrine of sudden emergency as support for the jury verdict. No sudden emergency instruction was given the jury in this case. Thus it was not the law of the case and reliance on it as support for the verdict is ill-founded.

With regard to respondent's assertion of intervening negligence, we must find that there was sufficient evidence to establish that a new, independent, and unforeseeable cause produced the accident in order to affirm the jury verdict. Mize v. Rocky Mountain Bell Telephone Co., 38 Mont. 521, 532, 100 P. 971; Cowden et al. v. Crippen, 101 Mont. 187, 206, 53 P.2d 98; 2 Restatement of Torts 2d, §§ 440,442.

In the instant case the evidence was not sufficient to establish such a superceding cause. Respondent was traveling on a busy, icy street, approaching a traffic signal where cars continually change lanes to get into the proper position for their intended direction of travel at the intersection. It was not shown to be unforeseeable that a car or truck would swerve in front of respondent as he was attempting to change lanes. Nor was this mysterious panel truck shown to be an independent cause of the accident given the inability of respondent to stop his own vehicle on the icy street. Because there was insufficient proof of an intervening cause of the accident respondent must be held legally responsible for the established negligence.

Only through application of the doctrine of sudden emergency could a jury in this case determine that the respondent was not liable for his conduct which proximately caused property

damage. Since the jury was not instructed on sudden emergency, there was an insufficient legal basis for the verdict. Accordingly, it was error for the district court not to set aside the verdict and deny the Rule 50(b) motions.

Since we have set aside the district court's judgment because of the negligence established at trial, this Court, in the exercise of sound discretion provided for in Rule 50(b), M.R.Civ.P., must determine whether to direct judgment for appellants or to order a new trial. United States v. Weiler, 385 F.2d 63, 66; Bryan v. United States, supra; Neely v. Martin K. Eby Construction Co., supra.

This Court is of the opinion that a new trial in the instant case would better serve the ends of justice. Here, there is one appellant with a complex medical history dating from a time prior to the accident and existing at the time of the accident. For the jury to clearly comprehend the extent of the injuries and other damages resulting proximately from this accident, the complete case should be before it.

Even though property damages were small, the proof of them was clear and not disputed. The substantial damages, if any, were related to the alleged injuries and the alleged consequential damages arising therefrom. Thus, for a jury to ignore both proof of negligence and proof of property damages arising therefrom necessitates a new trial. By the same token, for the jury to fully appreciate the entire alleged damage situation, a new trial rather than a directed verdict on the issue of liability only is required.

Finally, in view of our decision to grant a new trial and respondent's assertion of the doctrine of sudden emergency, we feel further discussion of propriety of such an instruction in the instant case necessary. On review of the record we emphasize that the district court properly refused the sudden emergency instruction. Such an instruction is not available to those whose

- 7 -

negligence has produced the emergency. Peabody v. Northern Pacific Railway Co., 80 Mont. 492, 497,498, 261 P. 261; 2 Restatement of Torts 2d §296. It is also improper where the emergency is anticipated or foreseeable. Peabody v. Northern Pacific Railway Co., supra. Foreseeability of emergencies on highways is discussed in Prosser on Torts, 4th ed. p. 170:

> "A further qualification which must be made is that some 'emergencies' must be anticipated, and the actor must be prepared to meet them when he engages in an activity in which they are likely to arise. Thus under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles in the highway or of other vehicles at intersections, just as one who sees a child on the curb may be required to anticipate its sudden dash into the street, and his failure to act properly when they appear may be found to amount to negligence."

If the district court is presented a similar record on retrial, sudden emergency instructions should be refused.

Judgment is reversed and the cause is remanded to the district court with orders to grant a new trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

Mr. Justice Frank I. Haswell, dissenting:

I would affirm the judgment based on the jury verdict.

This case involves an appeal from (1) an order denying plaintiffs a new trial, (2) an order denying entry of judgment notwithstanding the verdict, and (3) the judgment.

The district court's order denying plaintiffs' motion for a new trial is clearly correct. The motion was defective in failing to state the grounds with particularity. Halsey v. Uithof, _____Mont._____, 532 P.2d 686,690, 32 St.Rep. 89.

Nor are plaintiffs entitled to entry of judgment notwithstanding the verdict for the reasons stated in the majority opinion.

The majority concludes that the evidence is insufficient to support the jury verdict because defendant's negligence is established as a matter of law and failure of proof of intervening negligence on the part of the driver of the panel truck. In my view these are both jury questions decided adversely to plaintiffs.

A jury could well conclude that the accident here was not caused by negligent driving. The evidence viewed in the light most favorable to the prevailing party shows that defendant was driving at a speed of ten miles an hour on an icy street and was able to stop the forward motion of his car without impact, but that it slid or skidded sideways when the forward momentum ceased striking the rear of plaintiffs' car.

Nor do I believe that proximate cause is established as a matter of law. This is patently a jury question resolved against plaintiffs.

For the foregoing reasons, I dissent.

_____
Justice.