337 So.2d 264 (1976)
W. J. FLORES and Cecil Kelly, Plaintiffs-Appellees,
v.
COMMERCIAL UNION INSURANCE COMPANY et al., Defendants-Appellants.
No. 12972.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing Denied September 27, 1976.
*265 Theus, Grisham, Davis & Leigh by Charles H. Heck, Monroe, for defendantsappellants.
McKeithen, Burns & Lewellyan by Don C. Burns, Columbia, for plaintiffs-appellees.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied September 27, 1976.
JONES, Judge.
This is a suit for damages for the death of two cows as a result of being struck by an automobile driven by James N. Lott. Defendants are James N. Lott, Linda Lott, and their liability insurer, Commercial Union Insurance Company. The accident occurred on a two-lane blacktop highway in open range country in Caldwell Parish.
The defense is there was no negligence on the part of Lott in striking the cows because *266 he was suddenly confronted with the cattle after he crested a hill faced by headlights of approaching traffic. Defendants allege that plaintiffs were guilty of contributory negligence in permitting their cows to be on the highway, and they assumed the risk of their cattle being killed.
Lott filed a reconventional demand for damages sustained to his automobile.
The trial court rendered judgment in favor of each plaintiff for the value of their respective cows against all defendants in solido. Lott's reconventional demand was rejected.
The issues on appeal are: (a) whether the cattle were killed due to Lott's negligence; (b) whether the cattle owners were negligent barring their recovery; and (c) the applicability of Civil Code Art. 2321 as interpreted in Holland v. Buckley, 305 So.2d 113 (La.1974).
We affirm the decision of the trial court in all respects except we hold Linda Lott was improperly cast for damages.
At the time of the accident Lott was enroute from his home in Caldwell Parish to his place of employment in Ouachita Parish. He traveled this road to work for approximately four years prior to the accident. He frequently observed cattle roaming near the highway in the general area of the accident. He knew this was open range country and that there was a highway Stock at Large sign located about one mile south of the scene of the accident.
The accident occurred after dark on a wet roadway in drizzling rain. Lott was traveling north at approximately 40 miles per hour, and as he reached a point where his path required him to descend a hill, he observed headlights of an approaching southbound vehicle about 225 feet to his north. Lott dimmed his lights and observed two cows in the reflection of the approaching lights on the downslope in his northbound lane. Lott applied his brakes, went into a skid and entered the southbound lane. He pulled back into the northbound lane and collided with the cows about the center of the northbound lane.
The trial court held the cows were 225 north of Lott at the time he first saw them. There is no evidence in the record to justify this finding. Lott estimated the cows were 75 feet to his north when he first saw them. We hold that Lott's estimate is incorrect, and that the cows were some distance further than 75 feet to his north at the time he first observed them. This is true because Lott had sufficient time following this observation to slow his vehicle to such an extent that the impact did only $96 in damage to his vehicle, and he was able to stop his car before it left the roadway. Lott stopped his car with the front wheels angling generally northeasterly on the shoulder and the back wheels on the blacktop in his northbound lane. The cows were in front of his car about 4 or 5 feet in the ditch. The animals' back legs may have been on the shoulder of the road. One had a broken leg and had to be killed; the other was led to a pasture near the scene where it died during the night. One of the cows was a red and white Hereford-Cross, and the other a brown and white Guernsey milch cow.
In stock law areas (where cattle are prohibited by statute or ordinance from running at large) a motorist is not charged with the duty of guarding against striking an unexpected obstruction in the form of cattle on the highway:
"* * * The motorist is not charged with the duty of guarding against striking an unexpected or unusual obstruction which he has no reason to anticipate he would encounter on the highway. Carona v. Southern Farm Bureau Casualty Insurance Company, 164 So.2d 138 (La.App. 1 Cir. 1964). A night driver on a stock-law highway is not held to the duty of slowing each time he meets oncoming headlights to be prepared to make an emergency stop in the event an unlighted, dark colored animal is blocking his lane of traffic." [Ross v. Del Valle, 277 So.2d 163 at page 166 (3d Cir. 1973.]
A motorist traveling at night in open range is required to anticipate his path *267 of travel may be obstructed by cattle. He is required to operate his vehicle at such a speed that he can avoid hitting livestock he sees or should see. In Wortham v. Owens, 200 So.2d 781 (3d Cir. 1967) the court said:
"With regard to cattle in the roadway, the standard of care and of liability of a night motorist in open range country is that he is negligent and liable for the resulting damage if he runs into cattle standing or walking normally in the roadway; further, his failure to see the cattle sooner is not excused by their obscuring coloration nor because the motorist's speed and control were reasonably prudent except for the unexpected circumstance of finding livestock in his path.. . ." Id. p. 783.
The court recognized in footnote that the duty placed on the motorist to avoid striking cattle in open range is substantially different from the duty placed on motorists when suddenly faced by other obstructions on the highway:
"1. (By author of opinion).
This is to be contrasted with the legal rule applicable where the night motorist runs into an obscured truck criminally obstructing the highway, in which case the motorist may be free of a duty to anticipate and observe sooner this dangerous obstacle. Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909; Sittig v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 198 So.2d 514." Id. p. 783.
Lott knew he was traveling in open range. He was thoroughly aware of the very likely possibility of being confronted with cattle in his path on this rainy night, and he was under a duty to operate his vehicle at a speed that he could bring it under control in such an eventuality. He was familiar with the road and knew of the hill and downslope where the cattle were standing. He traversed this road twice a day several days each week. His vehicle was only slightly damaged and never left the roadway. Had he been traveling at a slightly slower rate of speed on this wet blacktop highway he would have maintained control of his vehicle and avoided the accident. He was negligent in colliding with the cattle.
Defendants assert a plea of contributory negligence as a bar to plaintiffs' right to recover. In stock law areas the owners of cattle are held negligent if they are guilty of the slightest fault in permitting their cattle to roam the highway. In Womack v. Rhymes, 300 So.2d 226 (2d Cir. 1974) we said:
"* * * Highway 15 is one of the highways listed in LSA-R.S. 3:2803 which provides that no person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large upon certain highways.
"LSA-C.C. Art. 2321 provides in part: `The owner of an animal is answerable for the damage he has caused; ..'.
"Under the jurisprudence applying the code article and statute, the owner of an animal is responsible for damage which it causes if there is any negligence, however slight, on his part. Where an animal has been the cause of damage, the burden rests upon the owner to exculpate himself of even the slightest degree of negligence. The burden placed upon the owner of an animal by these legal principles is not insubstantial but requires him to establish by proof of facts in a given case his complete freedom from any negligence of even the slightest degree to which might be attributed the action of the owned animal by which damage is caused to another." Id. at p. 229.
The owner of cattle in open range may allow his animals to run at large; he is under no duty to keep his livestock enclosed. We quote from McGee v. Southern Farm Bureau Casualty Insurance Company, 125 So.2d 787 (3d Cir. 1960):
"Defendant specially pleads contributory negligence, contending that plaintiff was negligent in permitting his cow to roam upon a heavily traveled road. Appellee asks that this court adopt a rule that *268 `whoever releases an animal on the highway, in open range country, or releases the animal at a place where it is likely to go on an open range highway, * * * does so at his peril insofar as recovering for the value of an animal killed by an automobile on the said highway.' Counsel for appellee concedes that such a rule would be contrary to the present established jurisprudence of this State. See Ware v. Laiche, La.App.1950, 45 So.2d 224, 226. Whether such a rule of law should be adopted is a matter which concerns the legislature, not the judiciary. "Under the jurisprudence of this State, plaintiff was not negligent in permitting his cow to roam on the public road where this accident occurred, and we conclude that there is no merit in defendant's plea of contributory negligence. Plaintiff, therefore, is entitled to recover from defendant for the loss of his cow." Id. p. 790.
The defense of contributory negligence asserted by defendants is without merit.
Defendants attempt to assert in pleading and brief that the accident was caused by the cattle suddenly darting onto the highway in front of Lott in such a manner as to have made it impossible for him to avoid the accident, and that defendant Lott is free of liability under the following rule set forth in McGee v. Southern Farm, supra, and cases cited therein:
"* * * It is well settled, of course, that when an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed on the highway, and the animal is struck before the driver can stop his car or swerve it so as to avoid the accident, the accident is said to be unavoidable, and there is no liability on the part of the driver or owner of the automobile. . . ." Id. at p. 789.
The record does not support defendants' position; it clearly reflects that when Lott observed the cattle they were in the center of his lane walking from right to left.
Defendants urge that the correct rule of law applicable here is to be found in the Supreme Court's interpretation of Civil Code Art. 2321 in the decision of Holland v. Buckley, supra, which defendants contend constitutes a Codal state-wide stock law. The pertinent parts of the article are as follows:
"The owner of an animal is answerable for the damage he has caused;. ..."
In Holland the court was confronted with a situation where an innocent bystander was bitten by plaintiff's shepherd dog running loose on defendant's lawn. Plaintiff Holland was walking his own dog in the area when the shepherd attacked it. Plaintiff attempted to intervene and hold the shepherd off of his dog with his foot when the shepherd bit him on the elbow. The shepherd's owner was unaware it had any vicious propensities. It had never bitten anyone before. Under the jurisprudence of this state prior to the Holland decision, as a condition precedent to recovery, plaintiff was required to prove that the shepherd's owner was negligent in permitting a dog with known vicious propensities to go unrestrained and bite plaintiff. The Supreme Court reversed the lower court and a long line of jurisprudence which heretofore interpreted Article 2321 as giving the dog a right to the first bite free. The court cited French authorities and stated the legislative intent required the following interpretation:
"We hold, therefore, that the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence. Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event.
* * * * * *
"The underlying reason for the owner's liability is that, as between him who created *269 the risk of harm and the innocent victim thereby injured, the risk-creator should bear the loss. He maintains the animal for his own use or pleasure.
* * * * * *
"* * * In the crowded society of today, the burden of harms caused by an animal should be borne by his master who keeps him for his own pleasure or use rather than by an innocent victim injured by the animal." Id. pp. 119, 120.
If the Supreme Court's interpretation of Article 2321 is held applicable to cases involving collisions between motorists and cattle on the highway, the only way a cattle owner may escape liability, whether the accident occurs in open range or closed range country, will be to establish that same was caused by the fault of the victim or a third party or a fortuitous event.
In Harrington v. Upchurch, 331 So.2d 506 (La.App. 3d Cir. 1976), which involved a motorist colliding with a cow in open range, among other defenses asserted, the motorist urged the applicability of Holland. The court held Holland inapplicable for the reason that the applicable law to cases involving motorists and cattle collisions on the highway is contained not only in Article 2321 of the Code but also LSA-R.S. 3:2803 which provides:
"No person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large on the following public highways of this state:. ..."
The court proceeded to discuss various jurisprudential rules interpreting the stock law, all discussed herein, and held that while Holland was applicable to dogs, it was inapplicable to cattle causing damages on public highways, saying:
"Our legislature has enacted special statutes to control this situation. It is not within the province of this Court to repeal an express, clear and explicit statute of this state." Id. p. 511.
It is significant that the legislature has amended LSA-R.S. 3:2803 on numerous occasions, adding thereto additional highways where roaming livestock is prohibited. There were amendments as late as 1975. The legislature is no doubt fully cognizant of the numerous judicial interpretations of its applicability and legal significance. If the legislature desires to apply the rule of strict liability as provided for in the Supreme Court's interpretation of Civil Code Article 2321 in the Holland decision to accidents involving cattle on the highways of this state, then it could affirmatively do so and it has taken no action in this regard. We decline to exercise this legislative function.
We hold that the decision of Holland and its interpretation of Article 2321 is inapplicable to the instant case.
The record does not contain any evidence that Linda Lott has any legal responsibility for plaintiffs' damages.
For the reasons assigned, we reverse the trial court's decision holding Linda Lott liable in damages, and affirm it in all other respects.
Appellants are cast for costs herein.