Joe HITZEL, Plaintiff and Appellant,

v.

S. Cushman CLARK, Defendant,
Counterclaimant, Third-Party
Plaintiff and Appellee,

v.

Joe HITZEL and Paul McInerney, Third-
Party Defendants and Appellants.

No. 13883.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1983.

Decided May 18, 1983.

Rehearing Denied June 10, 1983.

Jerry C. Rachetto of Driscoll, Mattson,
Rachetto & Christensen, Deadwood, for

plaintiff, third-party defendants and appellants.

Ann C. Jones of Banks & Johnson, Rapid City, for defendant, counterclaimant, third-party plaintiff and appellee.

WOLLMAN, Justice.

This is an appeal from an amended judgment denying appellant recovery for the loss of a cow. We affirm.

Appellant was the owner of an Angus cow that was hit and killed by appellee's vehicle on the evening of September 7, 1980, on Highway 85 in the O'Neill Pass area, near the Wyoming state line. The cow's calf died soon after the accident. The cow had been grazing on Forest Service land pursuant to an agreement between appellant and another individual, the third-party defendant in this case, who had a grazing permit from the Forest Service. Fencing is not permitted along Highway 85, and because of this open range area signs are located along the highway to warn drivers that there are livestock at large. Notwithstanding these signs, some nine or ten head of cattle (including four cows owned by appellant) have been struck, some fatally, by automobiles in recent years in the area of the collision in question.

Appellee testified that at the time of the collision the road was dry, it was dark out, and he had his headlights turned on. Appellee testified that as he was coming around a curve he saw three or four cows on the highway. He immediately applied his brakes but was unable to avoid colliding with the cow, which was slightly to the left of his lane of travel.

The speed limit in the O'Neill Pass area is 55 m.p.h. Appellee testified that he was driving 45 m.p.h. and that he could have avoided the accident if he had been driving 10 m.p.h. Both appellant and the third-party defendant testified that 45 m.p.h. was a reasonable rate of speed to be driving on Highway 85 at night.

The trial court stated in its memorandum opinion that the weather conditions were wet and slippery. This statement is contrary to the undisputed testimony that the road was dry. Appellant contends that the trial court's incorrect statement warrants reversal. We disagree.

The findings of fact do not include this incorrect statement, and the memorandum opinion was not incorporated into the findings of fact and conclusions of law. The trial court's statement, therefore, is not reviewable as a finding of fact under SDCL 15–6–52(a). *Dykstra v. Nat'l Bank of South Dakota,* 328 N.W.2d 862 (1983); *Dale v. Board of Educ.,* 316 N.W.2d 108 (S.D. 1982); *Talbert v. Talbert,* 290 N.W.2d 862 (S.D.1980); *Christiansen v. Strand,* 82 S.D. 416, 147 N.W.2d 415 (1966). As we recently held, "It is the prerogative of the trial court to re-think a decision from the bench or a memorandum decision." *Jones v. Jones,* 334 N.W.2d 492 (S.D.1983).

Appellant next contends that the trial court erred in finding that appellee was exercising all due care in his driving and was free from negligence. What constitutes due care under all the circumstances is usually a question of fact for the trier of fact. *Loonan Lumber Co. v. Wannamaker,* 81 S.D. 51, 131 N.W.2d 78 (1964). A trial court's finding of fact will not be reversed unless it is clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970). After reviewing the evidence, we cannot say the trial court's finding is clearly erroneous. The issue of due care in this case appears to revolve around the speed at which appellee was traveling at the time of the accident. Both appellant and the third-party defendant testified that appellee's speed of 45 m.p.h. was reasonable on that particular highway.

Appellant relies upon Louisiana case law to support his claim of negligence. *See Flores v. Commercial Union Ins. Co.,* 337 So.2d 264 (La.App.1976); *Wortham v. Owens,* 200 So.2d 781 (La.App.1967). The Louisiana Court of Appeals has stated:

> With regard to cattle in the roadway, the standard of care and of liability of a

night motorist in open range country is that he is negligent and liable for the resulting damage if he runs into cattle standing or walking normally in the roadway; further, his failure to see the cattle sooner is not excused by their obscuring coloration nor because the motorist's speed and control were reasonably prudent except for the unexpected circumstance of finding livestock in his path. . . .

*Wortham, supra,* at 783, *quoted in Flores, supra,* at 267. The Louisiana courts appear to require an unusually high degree of care in cases involving injury to animals on open range areas. The author of the *Wortham* opinion, recognizing the high degree of care required by the Louisiana courts, notes that the legal interests of unobstructed transit on the highways may cause the courts in the future to require a lesser standard of care. 200 So.2d at 783, n. 1.

SDCL 40–28–5 * absolved appellant from any liability to appellee for the damage done to appellee's automobile in the collision. Thus the usual rules governing the responsibility of livestock owners are not applicable here. *See Pexa v. Clark,* 85 S.D. 37, 176 N.W.2d 497 (1970); *Eixenberger v. Belle Fourche Livestock Exchange,* 75 S.D. 1, 58 N.W.2d 235 (1953). SDCL 40–28–5, a shield against liability, on the part of livestock owners, should not be construed as imposing a burden of absolute liability upon nighttime motorists who venture upon the highways crossing the lands covered by the statute. The day of the frontier is long past, and the time has come, as suggested by Judge Tate in *Wortham, supra,* that the right of the traveling public to unobstructed transit must take precedence over the right of an owner to absolute protection for his wandering livestock. We therefore decline to impose the high standard of care required by the Louisiana courts. Rather, we look to decisions from several of the western states.

* SDCL 40–28–5 provides:

> No person shall be liable for damages caused by horses, cattle, mules, goats, or sheep owned by him, which trespass upon lands within the exterior boundaries of the

A motorist is not an insurer against injury to animals on a highway. *Rivers v. Pierce,* 106 Colo. 236, 103 P.2d 690 (1940); *Snowden v. Hall,* 472 P.2d 711 (Colo. App.1970). No presumption of negligence exists against a driver whose vehicle collides with livestock, and the rule does not change because the accident occurs in an open range area. *Fries v. Shaughnessy,* 159 Mont. 307, 496 P.2d 1159 (1972). The driver in an open range area is held to the standard of a reasonable and prudent person under the circumstances. *Fries, supra.* The fact that a collision with livestock occurs on an open range area does not make an instruction on unavoidable accident improper. *Grubb v. Wolfe,* 75 N.M. 601, 408 P.2d 756 (1965).

In the light of the foregoing holdings, we hold that motorists on highways within open range areas are not held to a higher standard of care *vis-a-vis* trespassing livestock than are motorists on other highways within the state. Accordingly, the trial court did not err in ruling that appellee had breached no duty to appellant.

The amended judgment is affirmed.

FOSHEIM, C.J., and MORGAN and DUNN, JJ., concur.

HENDERSON, JJ., concurs specially.

HENDERSON, Justice (specially concurring).

I specially concur in the majority opinion but must brand my thoughts with my own words as I am not totally in accord with the language in the majority opinion. The standard of care which I would impose upon a motorist driving on a highway in a national forest open-range area in South Dakota would be a general duty of due care. South Dakota Pattern Jury Instruction (Civil) § 70.01 provides in part:

> Black Hills and Harney national forests, which lands were not at the time of the trespass inclosed by a legal fence, as defined in §§ 43–23–3 and 43–23–4.

It is the duty of every (driver/operator) of a vehicle using a public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

This includes the duty to anticipate the presence on the highway of other persons, vehicles, and objects. *Limmer v. Westegaard,* 251 N.W.2d 676 (S.D.1977); *Nugent v. Quam,* 82 S.D. 583, 152 N.W.2d 371 (1967). *See also,* S.D.P.J.I. (Civil) § 70.01 and collected cases thereunder. Livestock, in my opinion, would be "objects." Such a motorist should particularly anticipate the presence of livestock on the highway where signs have been posted "Livestock at Large."

The cow was a black Angus, the road was black asphalt, and the night was black. *See* Findings of Fact I, VI, and IX. Finding of Fact XI provides:

It was difficult for [appellee] to see the black cow against the black asphalt highway; as soon as [appellee] could see the cow, [appellee] immediately put on his brakes to avoid hitting the cow but was unable to avoid hitting the cow and did strike and kill the cow.

Finding of Fact VII provides: "[Appellee] was driving at approximately 45 m.p.h. at the time of the accident and was exercising all due care in his driving."

Conclusion of Law I provides: "[Appellant] has failed to prove by a preponderance of the evidence that [appellee] was negligent in any way when he was driving his car on Highway 85 on September 7, 1980, at approximately 8:00 p.m." It is not unreasonable to hypothesize that appellee was exercising due care on the highway when the animal was killed. Here, the motorist's speed was not unreasonable nor imprudent under the existing conditions. *Cf., Doyen v. Lamb,* 74 S.D. 126, 49 N.W.2d 382 (1951). Obviously, the signs indicating that it was open range and livestock were running at large served as warning to the motorists to, in effect, proceed with due care. And the facts would reveal that the motorist was proceeding with due care. This motorist

was enwebbed in a dangerous situation and, through no fault of his own, as he came around a curve, he killed a cow. Surely, he should not be liable therefore. I do not find the trial court's findings of fact or conclusions of law to be clearly erroneous. *Matter of Estate of Nelson,* 330 N.W.2d 151 (S.D.1983). Therefore, I would likewise affirm.

Lastly, the black cow should not have been on the black road in the dark of the night in the first instance as this particular cow was not authorized to be grazing on the Black Hills National Forest. It was turned loose to graze on public lands with the knowledge that it would freely roam upon the highways, there being no fence to enclose the cattle from the public highway. It had exiguous legal stature as it was a trespasser ab initio. Finding of Fact III provides:

The black angus cow above-described was grazing on Forest Service property near the highway for which Forest Service property Third Party Defendant Paul McInerney had a grazing permit; the particular cow in question was not listed on the grazing permit which authorized cows to graze on the U.S. Forest Service land located near Highway 85.

In other words, this cow was not entitled to any supposed emolument of safety as it was not lawfully entitled to graze on public lands. It is therefore difficult to fathom how the cow owner can assert damages for his lost cow when he apparently knew that the cow had no right to be in that area in the first instance. His cause of action has a faulty springboard.

I would not establish a rule in this state that in open-range country, a motorist must yield to a cow. But I would certainly require a motorist to exercise due care to avoid a collision with a cow, particularly where signs are posted warning the motorist of "Livestock at Large." Were it otherwise, we would have a rule condoning the cruel conversion of cattle into immediate hamburger on our highways. There is comfort in the rule I subscribe to for it may be applied to a set of facts with certitude yet

it provides flexibility in a myriad of factual circumstances. It should not be applied where a more specific duty of care is imposed by statute. Thus far, although the State Legislature passed SDCL 40–28–5, known as the Black Hills Open Range Statute, no specific duty of care higher than a general duty of due care has been created by the Legislature.