247 P.2d 575] .

[Civ. No. 15146. First Dist., Div. One. Sept. 2, 1952.]

DIANA BENTLEY, a Minor, etc., et al., Appellants, v. JOHN CHAPMAN et al., Respondents.

Pelton & Gunther and Reginald M. Watt for Appellants.

Keith, Creede & Sedgwick for Respondents.

WOOD (Fred B.), J.—Plaintiffs have appealed from a verdict and a judgment for defendant in an action for personal injuries sustained by plaintiffs while riding as guests in an automobile which collided with defendant's parked truck.

Plaintiffs' principal contention is that the trial court should have submitted to the jury only the question of the amount of the damages, claiming that defendant's liability was established as a matter of law; i.e., that defendant was negligent as a matter of law, by parking his truck, in violation of a city ordinance, and that such negligence was, as a matter of law, a contributing proximate cause of the accident. This argument is not persuasive. It rests on a false premise. The ordinance invoked was not applicable.

The accident occurred September 12, 1948, about 5:30 a. m., in Redwood City, on El Camino Real, a state highway. Plaintiffs' host, David Obera, was driving south along a section of the highway which had three lanes for southbound traffic.

He was in the outer of these three lanes, to the west of which was a fourth or parking lane in which defendant had parked his truck about 6 p. m. the night before. About one block from the place of the accident, Obera fell asleep. When he woke up he was in the parking lane and the truck was directly in front of him. The front of his car struck the back of the truck. The truck was parked with its right-hand wheels close to the curb. Hence, there was no proof of a violation of section 588 of the Vehicle Code as it then read (Stats. 1947, ch. 875, p. 2054). Nor was there any evidence that the State Department of Public Works had adopted and posted any parking restrictions, applicable to this state highway, as authorized by section 589.5 of the Vehicle Code (Stats. 1947, ch. 875, p. 2054).

A Redwood City ordinance adopted in 1943 provided that "No person shall stop, stand or park a vehicle upon any street in the city of Redwood City for a period of time longer than one (1) hour between the hours of 1:30 o'clock a. m. and 6:00 o'clock a. m. of any day without a permit from the Police Department of this city." Defendant did not have the indicated permit. Unless sanctioned by some provision of state law, the city council was without power to make this ordinance applicable to a state highway. (See Veh. Code, § 458, and *Pipoly* v. *Benson*, 20 Cal.2d 366, 370-375 [125 P.2d 482, 147 A.L.R. 515].) This ordinance was not within the scope of any of the sanctions accorded local authorities by section 459 of the Vehicle Code as it read in 1943 when the ordinance was enacted or in 1948 when the accident herein occurred (Stats. 1935, ch. 590, p. 1679). It was not until the addition of subdivision (j) in 1951 that section 459 for the first time dealt with this topic. (Stats. 1951, ch. 1392, p. 3326.) The only other statute which might have sanctioned such an ordinance was section 589.5 of the Vehicle Code. But that section was not added to the code until 1945 (Stats. 1945, ch. 829, p. 1528) and apparently was not a continuation of any prior statute. Section 589.5 could not have validated this ordinance, to make it applicable here. Section 589.5 was not in the nature of a mere withdrawal of a state inhibition of the exercise of local powers. It was in the nature of a delegation of authority to local governing bodies to exercise state powers over a state instrumentality. As enacted in 1945 and amended in 1947 (Stats. 1947, ch. 875, p. 2052), this section applied to highways under the juris-

diction of the State Department of Public Works and authorized that department to place signs thereon prohibiting or restricting the parking of vehicles when by resolution or order it found that the proscribed parking was dangerous to users of the highway or would unduly interfere with the free movement of traffic. It further declared that where the maintenance of a state highway had been delegated by the department to a city "such city may by ordinance or resolution exercise as to such state highway the powers herein conferred on said department." (Concerning the delegation of state powers to local governing bodies and the exercise of such powers by such bodies, see *Housing Authority* v. *City of Los Angeles,* 38 Cal.2d 853, 868 [243 P.2d 515]; *Kleiber* v. *City etc. of San Francisco,* 18 Cal.2d 718 [117 P.2d 657]; *Housing Authority* v. *Dockweiler,* 14 Cal.2d 437, 457 [94 P.2d 794].) It follows that the provisions of this ordinance were not applicable to the parking of defendant's truck upon this highway upon this occasion. It cannot be said that defendant was negligent as a matter of law.

Even if the ordinance were applicable to the section of state highway here involved, it is doubtful if parking longer than the time permitted by the ordinance (one hour between 1:30 and 6 a. m.) should be deemed negligence as a matter of law. This is a parking limit per car. A given spot (such as that occupied by defendant's truck in this case) could legally, under this ordinance, be continuously occupied by parked cars if none of them remained longer than one hour between 1:30 and 6 a. m. Mere overparking of a particular car would not seem to constitute, as a matter of law, a violation of a duty of care toward the plaintiff in this case. Such violation certainly could not, as a matter of law, be deemed a proximate cause of plaintiffs' injuries.

Plaintiffs' only other point is that the negligence, if any, of their host, Obera, is not attributable to them. This point really presents no issue. The trial court instructed the jury that the negligence, if any, of Obera, could not be attributed to the plaintiffs, and respondent concedes that the instruction was correct.

The judgment is affirmed. The appeal from the verdict is dismissed, there being no appeal from a verdict.

Peters, P. J., and Bray, J., concurred.