No. 12416

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

———————————

KENNETH DEAN RAUH,

Plaintiff and Appellant,

-vs-

MARY JANE JENSEN,

Defendant and Respondent.

———————————

Appeal from: District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

William A. Brolin argued, Anaconda, Montana
Jack M. Scanlon, Anaconda, Montana
Joseph C. Connors, Anaconda, Montana.

For Respondent:

Henningsen, Purcell and Genzberger, Butte, Montana
James E. Purcell argued, Butte, Montana

———————————

Submitted: February 26, 1973

Decided: MAR 8 1973

Filed: MAR 8 1973

Thomas J. Kearney
_____
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This appeal was filed as a result of a collision between the Honda motorbike driven by appellant and an unoccupied parked automobile owned by respondent. A summary judgment was granted in favor of respondent in the district court of Silver Bow County and this appeal followed.

On July 24, 1971, appellant was driving his Model 90 Honda motorcycle north on Excelsior Street in Butte, Montana, and was executing a lefthand turn to enter Gold Street. An automobile that was apparently parked on the south side of Gold Street entered the intersection and forced appellant to swerve to his right to avoid a collision. Respondent's automobile was parked four to five feet from the intersection and had what is commonly known as "spinner hubcaps" on the wheels. Appellant's right foot and ankle collided with the "spinner hubcap" on respondent's automobile, resulting in the damages to appellant that are the subject of this action.

Two issues are presented to this Court for review. First, was respondent negligent in parking her automobile in violation of the parking regulations of the Butte city ordinances and was this negligence the proximate cause of the accident? The second issue was whether or not respondent was negligent in maintaining and in failing to remove the "spinner" hubcaps on her automobile which, according to appellant, were recognizably dangerous instruments and the proximate cause of the injuries he sustained. We will discuss these two issues separately.

First, in order to determine if the parking of respondent's vehicle was the proximate cause of the accident one must inquire as to the purpose of the ordinance. Appellant's main argument, at the time of argument on the motion for summary judgment,

- 2 -

was that respondent parked by a fire hydrant. No mention of a violation of an ordinance prohibiting parking "within 20 feet of a crosswalk at an intersection" was proffered. We will discuss the fire hydrant situation first. What is the purpose of prohibiting the parking of vehicles within a certain distance of a fire hydrant? Obviously the purpose of such a mandate is to permit access to the hydrant in the event it is needed for water to extinguish a blaze. If the respondent was parked near the fire hydrant involved, a causal relationship between that conduct and the injury must exist. DeVerniero v. Eby, 159 Mont. 146, 496 P.2d 290, 29 St.Rep. 273. Additionally, appellant cannot rely solely on the fact that respondent violated the statute or ordinance about parking near a fire hydrant. The laws of Montana provide that negligence cannot be predicated upon failure to perform a statutory duty unless the duty required by statute is an efficient or proximate cause of the injury. Joki v. McBride, 150 Mont. 378, 436 P.2d 78. Appellant contends the Joki case was overruled in St. ex rel. Great Falls Nat. Bk. v. District Court, 154 Mont. 336, 463 P.2d 326, but as the opinion therein states, we overruled any dictum in Joki which suggested " * * * that a landowner not in control of the work owes an absolute, nondelegable statutory duty to a scaffold worker or others, a violation of which by anyone renders him liable to the injured workman".

Clearly this did not overrule the holding in Joki as hereinbefore expressed. No relationship exists between the duty not to park near the fire hydrant and the injury of appellant, nor is the purpose of the ordinance related to the accident or injury to appellant.

Another attempt by appellant to establish liability was based on the fact that respondent was parked within 20 feet of the crosswalk at the intersection. Again, we are talking about

- 3 -

the violation of an ordinance and again the rules which have been pointed out with regard to the fire hydrant situation apply. If no relationship exists between the act and the injury there is no recovery. Also, if no violation of the purpose of the statute or ordinance exists there can be no recovery. The purpose of the statute in regard to the crosswalk was to keep the view of motorists and pedestrians free from obstruction. This contention is supported by the obstructed view case of Sztaba v. Great Northern Ry., 147 Mont. 185, 411 P.2d 379. This Court in Sztaba stated that a causal relationship must exist between the act and the injury in an obstructed view situation. In the present case no causal relationship exists between where the respondent's automobile was parked and the fact that appellant was injured when he struck the parked vehicle.

The second issue to be disposed of is whether or not respondent was negligent in maintaining and in failing to remove the "spinner" hubcaps on her automobile which, according to appellant, were recognizably dangerous instruments and the proximate cause of the injuries he sustained. Appellant contends that had not respondent's automobile had "spinner" hubcaps that protruded out and contained blades thereon, his right ankle would not have collided with the hubcap. Appellant relies heavily on the decision of Passwaters v. General Motors Corporation, 454 F.2d 1270 (8th Cir. 1972). This case stands for the proposition that if an automobile manufacturer builds an automobile, the vehicle cannot be negligently designed, and that in Iowa strict liability has been adopted and makes the manufacturer liable if all other facets of strict liability are proven. Montana has not adopted such a strict liability as law in this jurisdiction.

In order to completely understand and analyze the problem one must start with appellant's original charge: defendant

(respondent) violated section 211, Federal Motor Vehicle Safety Standards. The Vehicle Safety Standards are the result of the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C.A., §§ 1381-1426. In particular, § 1391 of the Act defines the terms used in the Act, and nowhere is the term "owner" used or is a duty placed on the owner to protect others. The law is designed to protect the general public from misdesign by automobile manufacturers, distributors or dealers. The standard which respondent allegedly violated prohibits the use of wheel nuts, wheel discs and hubcaps incorporating winged projections. What the federal law says is that the automobile manufacturers may not put negligently-designed autos and automobile equipment on the market for sale and use by the public.

No duty is placed on the respondent to protect the appellant. If no duty exists, no breach can exist; consequently, no liability. If respondent had the type of hubcaps suggested, appellant might have a claim against the manufacturer, distributor or dealer of the automobile in question, but that is not before us.

We hold that the district court was correct in granting the motion for a summary judgment and the judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Associate Justice

- 5 -