[No. A025779. First Dist., Div. Two. Mar. 28, 1986.]

LORRAINE CAPOLUNGO, Plaintiff and Appellant, v.
ALVIN A. BONDI et al., Defendants and Respondents.

**COUNSEL**

Hansen & Kuziara and William T. Kuziara for Plaintiff and Appellant.

Dennis B. Kavanagh and Robert F. Price for Defendants and Respondents.

## Opinion

**SMITH, J.**—Lorraine Capolungo timely appeals from a grant of summary judgment entered in favor of Alvin A. Bondi,[1] a defendant in this action brought by Capolungo to recover for injuries she sustained in a bicycle accident allegedly caused in part by Bondi's negligence in leaving his car parked too long in a yellow-curb loading zone. She contends that summary judgment was improper because Bondi's violation of a local parking ordinance raised triable issues of fact on a theory of negligence per se. We will affirm.

### Background

The material facts of the accident, drawn here primarily from the record on the motion and the parties' settled statement on appeal, are undisputed. Appellant was riding her bicycle southbound on Healdsburg Avenue in Santa Rosa at about 4:15 p.m. on February 23, 1983. She was riding in the lane closest to the curb, about one car width from the curb, as she neared respondent's car parked in a yellow zone in front of his insurance business at 631 Healdsburg Avenue. Appellant swerved about one foot to the left to clear the parked car and, as she did, was struck by a passing car driven by Larry L. Blanchard.[2] She was thrown from the bicycle and sustained soft tissue injuries. Respondent, who regularly parked in the yellow zone for purposes of his business and for loading and unloading business-related materials, had been parked there most of the day. By city ordinance, parking in that zone was restricted to loading and unloading, and for periods not exceeding 24 minutes within certain designated hours of the day. The 24-minute limitation was in effect at the time of the accident.

### Appeal

Summary judgment is properly granted only when it can be said, from the evidence presented on the motion and all reasonable inferences from that evidence, that there is no triable issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Bonus-Built* v. *United Grocers, Ltd.* (1982) 136 Cal.App.3d 429, 440-442 [186 Cal.Rptr. 357].)

---

[1]Notice of appeal from the summary judgment of December 19, 1983, was filed on December 27.

[2]Blanchard, originally a defendant in the action, is not a party to this appeal, a default judgment having been taken against him by the time of the summary judgment motion.

I

■ Appellant contends that, at the time of the accident, respondent's car was parked in violation of former section 15.38 of the Santa Rosa City Code (hereafter the ordinance). In substance, the ordinance read the same then as its current, renumbered version (§ 11-20.040) reads now: "No person shall park any vehicle . . . adjacent to a curb painted yellow, except for the purpose of loading or unloading freight, and then only for the time actually necessary for the same, but not to exceed in any event a maximum period of twenty-four consecutive minutes, between the hours of eight a.m. and ten a.m., or four p.m. and six p.m., and twelve minutes between the hours of ten a.m. and four p.m."

The only claimed violation of the ordinance is that respondent's car was parked for longer than 24 minutes before the accident. Evidence that the accident occurred about 4:15 p.m., during the hours of the 24-minute time limit (4 to 6 p.m.), and that respondent had been parked there "most of the day"[3] certainly leaves room for a finding that the 24-minute limit had been violated at the time of the accident. We therefore must assume that there would be a triable issue of fact on that point. As will be demonstrated, however, respondent was entitled to judgment as a matter of law notwithstanding the existence of that factual issue; that is, we will conclude that the issue would not be *material* to the action in light of unrelated deficiencies in appellant's negligence theory.

Section 669 of the Evidence Code codifies the elements necessary to establish negligence per se. Insofar as relevant to this case, the section provides:

"(a) The failure of a person to exercise due care is presumed if:

"(1) He violated a[n] . . . ordinance . . . of a public entity;

"(2) The violation proximately caused . . . injury to person or property;

"(3) The . . . injury resulted from an occurrence of the nature which the . . . ordinance . . . was designed to prevent; and

"(4) The person suffering . . . the injury to his person or property was one of the class of persons for whose protection the . . . ordinance . . . was adopted."

---

[3] In deposition testimony, appellant thought that he had been parked there "most of the day" but could not recall whether or not he "had gone out."

■ In order for a claim of negligence per se to succeed, all four elements must be met. (*Cade* v. *Mid-City Hosp. Corp.* (1975) 45 Cal.App.3d 589, 596-597 [119 Cal.Rptr. 571]; see *Stafford* v. *United Farm Workers* (1983) 33 Cal.3d 319, 324 [188 Cal.Rptr. 600, 656 P.2d 564].) While the first two elements are normally considered questions for the trier of fact, "[t]he last two elements are determined by the trial court as a matter of law, since they involve statutory interpretation . . . ." (*Cade* v. *Mid-City Hosp. Corp.*, *supra*, at p. 597, citation omitted.)

■ We have already noted the existence of a triable issue of fact on the first element—whether the ordinance was violated. We will conclude, nevertheless, that the theory of negligence per se is unavailable because not all—in fact none—of the remaining elements are satisfied in this case.

## II

In determining the third element—whether the ordinance was designed to prevent an accident of the kind which occurred here—we examine the interplay between state and local law governing the use of yellow loading zones.

Section 22507 of the state Vehicle Code provides in part that "[l]ocal authorities may, by ordinance or resolution, prohibit or restrict the parking or standing of vehicles, . . . on certain streets or highways, or portions thereof, during all or certain hours of the day. . . ."

Section 21458 of the same code, specifically governing the use of painted curbs, provides in part: "Whenever local authorities enact parking regulations and indicate them by the use of paint upon curbs, the following colors only shall be used, and the colors indicate as follows: [¶] . . . [¶] (b) Yellow indicates stopping only for the purpose of loading or unloading passengers or freight for such time as may be specified by local ordinance. [¶] . . . [¶] Regulations indicated as above provided shall be effective upon such days and during such hours or times as may be prescribed by local ordinances."

The Vehicle Code sections together authorized local authorities to restrict parking, at hours and places to be determined locally, so long as any use of painted curbs to do so conforms to statewide color-coded meanings. It thus appears that statewide color uniformity is the legislative goal and that the designation of particular parking restrictions is a matter left to local needs and the intent of local authorities. Accordingly, the only clear purpose of the state law is to allow local authorities, at their option, to restrict certain areas to use by vehicles loading or unloading passengers or freight.

Appellant contends that "the purpose of yellow zones is to provide traffic safety to motorists and pedestrians." Her thesis is based on case law construction of former Vehicle Code section 582, an early partial predecessor to current Vehicle Code section 22504. The former section prohibited stopping or parking any vehicle on highways outside of residence or business districts except where to stop or park *off* the highway was not "practicable."[4] That section has consistently been held designed "to protect persons traveling on the highway, . . ." and thus to support negligence per se. (*Thomson* v. *Bayless* (1944) 24 Cal.2d 543, 546 [150 P.2d 413]; *Inai* v. *Ede* (1941) 42 Cal.App.2d 521, 523 [109 P.2d 400]; cf. *Willis* v. *Gordon* (1978) 20 Cal.3d 629, 633-634 [143 Cal.Rptr. 723, 574 P.2d 794].) Appellant argues that former section 582, which prohibited all but emergency parking on the highways and was construed as being for the protection of other highway users, is analogous to current Vehicle Code section 21458, subdivision (b), which prohibits all use of a yellow zone except for loading and unloading. She further argues that the two sections share a common purpose—traffic safety—because they both date back to the enactment of the Vehicle Code of 1935. We find the attempted analogy unconvincing and the common-statute argument too facile.

First, the sections have origins which predate the 1935 code. Section 21458, governing painted curb markings, derives from section 145½ of the Motor Vehicle Act as amended in 1931 (Stats. 1931, ch. 1026, § 58, p. 2132) and was carried over as section 472 of the 1935 act (Stats. 1935, ch. 27, § 472, p. 169). Section 582 of the 1935 act, governing stopping on the highway, on the other hand, derives from section 136 of the Motor Vehicle Act as originally enacted in 1923 (Stats. 1923, ch. 266, § 136, p. 561). The origins are independent. Moreover, it goes too far to argue, as appellant does, that a "traffic safety" construction of one provision should be blindly read into another provision in the same code or act.

Second, comparison of the sections shows dissimilar purposes. It is easy to see a traffic safety purpose in prohibiting stopping or parking on the highway. By limiting stopping or parking to extreme situations where off-highway parking is not "practicable" (cf. *Willis* v. *Gordon, supra,* 20 Cal.3d 629, 634; see current Veh. Code, § 22504, subd. (a)), the obvious purpose is to keep the highway completely clear of stopped vehicles whenever possible and to thereby provide for the safe, unobstructed passage of traffic. (*Inai* v. *Ede, supra,* 42 Cal.App.2d 521, 523.) By contrast, it is

---

[4]Former section 582, enacted as part of the Vehicle Code of 1935, provided:

"Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway." (Stats. 1935, ch. 27, § 582, p. 190.)

difficult to see a similar traffic safety purpose in a law which limits yellow zone parking to loading and unloading activities. Though limiting parking to those activities, Vehicle Code section 21458, subdivision (b), clearly contemplates that the zone may be legally in use by vehicle after vehicle so that traffic in that lane might be constantly obstructed. (Cf. *Bentley* v. *Chapman* (1952) 113 Cal.App.2d 1, 4 [247 P.2d 575].) The evident purpose of the law is to provide access for loading and unloading and to allow local authorities to determine, by time limits, what rate of turnover to encourage and enforce.

We conclude that sections 21458 and 22507 do not indicate a state law purpose to protect against the type of traffic accident that occurred in this case. Of course, it could always be said, in the most general sense, that any statewide scheme for the uniform regulation of traffic has an overall purpose of promoting traffic safety (*Satterlee* v. *Orange Glenn School Dist.* (1947) 29 Cal.2d 581, 596 [177 P.2d 279], conc. opn. by Traynor, J., overruled on other grounds in *Alarid* v. *Vanier* (1958) 50 Cal.2d 617, 624 [327 P.2d 897]); however, our examination of the specific code sections reveals no discernible safety purpose that would aid appellant.[5]

We turn next to the local ordinance for indications of purpose and again find no indication that the ordinance was designed to maintain an unobstructed curb lane for the passage of traffic. The ordinance allows use of the loading zone at all times of the day, imposing a 12-minute time limit between 10 a.m. and 4 p.m., a 24-minute time limit for the 2 hours preceding and following those hours, and no time limit at all during other hours except, of course, for the general limitation to "time actually necessary" for the loading or unloading. The purpose of the ordinance appears to be to provide access to the curb space and not to promote unobstructed passage of traffic in the curb lane.

Although we find no California case directly on point, a Georgia appellate court in *Rhodes* v. *Baker* (1967) 116 Ga.App. 157 [156 S.E.2d 545], came to the same conclusion of purpose regarding an ordinance of the City of Athens which operated similarly to the ordinance here. That ordinance restricted to one hour the parking of trucks or tractor-trailer combinations but excluded from the calculation any time spent loading or unloading the ve-

---

[5]We need not decide whether a different type of occurrence might require a different analysis of statutory purpose—for example, where a collision is allegedly caused by one vehicle's illegal monopolization of a yellow zone which then forces another vehicle to double park in traffic lanes while unloading. The question is not presented by the facts of this case.

hicle.[6] The court held that allegations of negligence per se in an action for the wrongful death of a passenger killed in a collision with a truck allegedly parked beyond the one-hour limit should have been stricken. (*Id.*, at p. 549.) The court reasoned as follows:

"What was the purpose of the . . . ordinance? Was it to keep vehicles of this type from (a) monopolizing parking places? or was it (b) to protect travelers on the street?

"It seems to us the former. . . . The ordinance when read as a whole clearly shows that it was intended to permit other vehicles of the same class to load and unload within the city limits of Athens and not to be prevented from doing so because another occupied the space for an unreasonable time. Thus, it appears this ordinance was to facilitate the business of Athens and not for purpose of safety on the streets. [Citations.] This is not an ordinance permitting limited time parking per vehicle and *prohibiting any parking during certain hours*. Such type ordinance, because of the latter provision, is clearly designed to facilitate the movement of vehicular traffic, or pedestrians, or street cleaning equipment, during the hours within which no parking is allowed. Limited time per vehicle and limited time per location are for entirely distinct purposes. The limited time per vehicle is for the benefit of others desiring to use the same space, and limited time per location is to clear the location of parked vehicles to facilitate the movement of traffic, etc." (*Rhodes* v. *Baker, supra,* 156 S.E.2d at p. 549.) That reasoning is equally applicable here.

We hold that neither the Vehicle Code sections nor the Santa Rosa ordinance were designed to prevent occurrences of the nature of that in the instant case.[7]

## III

The fourth element of negligence per se requires that the plaintiff be a member of the class of persons for whose protection the ordinance was

---

[6]The Athens ordinance provided: "'It shall be unlawful for any person to park any truck or tractor-trailer combination unit or trailer having a rated pay load capacity greater than one ton on any street of the city for a period of time in excess of one hour; provided, however, that any period of time which such truck or tractor-trailer combination unit is being actually loaded or unloaded shall be excluded in computing such period of one hour.'" (*Rhodes* v. *Baker, supra,* 156 S.E.2d 545, 548.)

[7]The case at bar seems analogous to cases involving collisions with vehicles illegally parked near a fire hydrant. Those cases uniformly hold that the purpose of such parking restrictions is to provide quick access to the fire hydrant, not to protect passing vehicles. (*Denson* v. *McDonald Bros.* (1919) 144 Minn. 252 [175 N.W. 108, 109]; *Rauh* v. *Jensen* (1973) 161 Mont. 443 [507 P.2d 520, 521]; *Ennis* v. *Atkin* (1946) 354 Pa. 165 [47 A.2d 217, 219].)

adopted. (Evid. Code, § 669, subd. (a)(4).) Appellant does not fall within that class. It follows from the foregoing analysis of purpose that the ordinance was designed to "protect" those persons who desire access to the curb space for loading and unloading. Appellant, as a passing bicyclist, obviously does not fit the description. (*Rhodes* v. *Baker, supra,* 156 S.E.2d 545, 549; cf. *Cottrell* v. *Martin A. Ceder, Inc.* (Ky.App. 1964) 376 S.W.2d 536, 538 [manifest objective of one-hour truck parking limit is to benefit inhabitants, not travelers].)

## IV

Even if appellant could establish a violation of the ordinance and that the parking restriction was designed to protect persons such as herself from the type of injury she sustained, she would have to show that the violation of the ordinance was a proximate cause of her injury. (*Satterlee* v. *Orange Glenn School Dist., supra,* 29 Cal.2d 581, 590-591; *Andrews* v. *County of Orange* (1982) 130 Cal.App.3d 944, 968 [182 Cal.Rptr. 176].) ■ We observed earlier that the issue of proximate cause ordinarily presents a question of fact. However, it becomes a question of law when the facts of the case permit only one reasonable conclusion. (*Farole* v. *Eichman* (1952) 39 Cal.2d 822, 824 [249 P.2d 261]; *Satterlee* v. *Orange Glenn School Dist., supra,* 29 Cal.2d at p. 590; *Whinery* v. *Southern Pac. Co.* (1970) 6 Cal.App.3d 126, 128 [85 Cal.Rptr. 649].) ■ This is such a case.

We conclude that any excess in the length of time respondent's car was parked in the yellow zone had no causal connection with the accident. Appellant would have had to swerve around the car in exactly the same manner whether it had been parked there five minutes or five hours. (*Rhodes* v. *Baker, supra,* 156 S.E.2d 545, 549.) Appellant does not allege that respondent was parked at an improper angle to the curb or in some other manner that made the car intrude abnormally into the traffic lanes. Her cited cases are thus distinguishable. (*Murphy* v. *St. Claire Brewing Co.* (1940) 41 Cal.App.2d 535, 538-539 [107 P.2d 273] [diagonally parked in a parallel parking yellow zone]; cf. *Flynn* v. *Bledsoe* (1928) 92 Cal.App. 145, 149-150 [267 P. 887] [right-angle parking in a 45-degree parking zone].)

Dictum in *Bentley* v. *Chapman, supra,* 113 Cal.App.2d 1, accords with our conclusion that overparking is not causally connected with injury resulting from a collision with the parked vehicle. The plaintiffs in *Bentley* were injured when the driver of the car in which they were passengers fell asleep, drifted into the parking lane and collided with a truck that had allegedly been parked longer than the one-hour time period permitted by local ordinance. (*Id.,* at p. 3.) Rejecting a claim of negligence per se because it found the ordinance to have been enacted without statutory author-

ity, the appellate court nevertheless continued: "Even if the ordinance were applicable . . . , it is doubtful if parking longer than the time permitted by the ordinance . . . should be deemed negligence as a matter of law. This is a parking limit per car. A given spot (such as that occupied by defendant's truck in this case) could legally, under this ordinance, be continuously occupied by parked cars if none of them remained longer than one hour between 1:30 and 6 a.m. Mere overparking of a particular car would not seem to constitute, as a matter of law, a violation of a duty of care toward the plaintiff[s] in this case. *Such violation certainly could not, as a matter of law, be deemed a proximate cause of plaintiffs' injuries.*" (P. 4, italics added; accord *Rhodes* v. *Baker, supra,* 156 S.E.2d 545, 549 [parking of a truck in excess of the per vehicle time limitation during a time when such parking is permissible at the location is not a causative factor in a collision with the truck].)

We hold, as a matter of law, that parking beyond the time limit imposed by the ordinance could not have proximately caused the accident in this case.

### DISPOSITION

Because appellant failed to establish all four of the elements required for negligence per se (Evid. Code, § 669, subd. (a)), the superior court properly granted summary judgment in favor of respondent.

The judgment is affirmed.

Kline, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied April 23, 1986, and appellant's petition for review by the Supreme Court was denied June 25, 1986.