**Elsa KING, Individually and as Guardian ad Litem for Veronica Tasha Rae and Diana Rae, Minors, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. S–89–1417–RAR.**

United States District Court, E.D. California.

Oct. 19, 1990.

Jerry Scribner, Sacramento, Cal., for plaintiffs.

David F. Levi, U.S. Atty., Edmund F. Brennan, Asst. U.S. Atty., Sacramento, Cal., for defendant.

## ORDER FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56

PARSONS *, Senior District Judge.

### MEMORANDUM DECISION AND OPINION

The United States Government operates department stores on most Army and Air Force military installations through the Army and Air Force Exchange Service. One such store is the McClellan AFB Exchange (hereinafter "BX").

On June 15, 1985, while shopping at BX, Elsa King, wife of the now late Staff Sergeant Hartwell E. King, Jr. (SSgt. King), was detained by a BX supervisor for suspected shoplifting. At the time, SSgt. King was on personal leave in another state, was uninvolved in the arrest, and was unaware of it.

When he returned on Monday, June 17, 1985, SSgt. King was ordered to meet with Colonel Reighn that same day. This he did. Reighn discussed with him his wife's arrest. The next day, June 18th, he committed suicide.

Ms. King, who subsequently was cleared of any shoplifting accusations, charges that the actions of the BX supervisor, a federal

* Senior Judge, United States District Court for the Northern District of Illinois, sitting by desig- nation.

government employee, in arresting her brought shame, discredit, and emotional and mental distress to her husband, causing him tragically to take his own life. She filed suit on behalf of herself and her two daughters against the United States government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, alleging, among other things, negligence for the wrongful death of her husband.

The government moved for partial summary judgment on the wrongful death count—Count Six of the complaint. The government contends that it is entitled to judgement in its favor as a matter of law because of the *Feres* Doctrine (*Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)) and because of Ms. King's failure to establish both a duty and a proximate causation sufficient to support a finding of negligence for the wrongful death of her husband.

## SUMMARY JUDGMENT STANDARD

Under Federal Rules of Civil Procedure 56(c), summary judgment is appropriate when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

To overcome a motion for summary judgment, the party here opposing the motion may not rest on the mere allegations of her pleadings but must set forth specific facts required to demonstrate that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir.1989).

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit at trial will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party may or may not support the motion with affidavits or declarations. Whether or not declarations are submitted, Rule 56(c) mandates entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett.*[1]

There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a [finder of fact] to return a verdict for that party.

*Id.* at 249. To establish a genuine triable issue as to an element on which the non-moving party will bear the burden of proof at trial, the plaintiff here must come forward with affirmative evidence sufficient to justify a judgment in her favor.

Since Ms. King is the plaintiff in this case, she bears the burden of establishing all of the elements of her complaint. If she fails to establish each element, then the government would be entitled to judgment as a matter of law.

## DISCUSSION

In *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that members of the armed services could not sue the government for injuries that "arise out of or are in the course of activity incident to service." *See also, Stauber v. Cline.*[2] Application of *Feres* to wrongful death actions under California law was addressed by the

---

**1.** 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985). ("In such a situation, there can be 'no genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.")

**2.** 837 F.2d 395, 398 (9th Cir.1988), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988) ("[T]he *Feres* rule has been interpreted as necessary to avoid the courts' second-guessing mili-

tary decisions, or impairing military discipline. *United States v. Shearer*, 473 U.S. 52 at 57, 105 S.Ct. 3039 at 3043, 87 L.Ed.2d 38 (1985); *see Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), courts have even been viewed as ' "ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." ' *Chappell*, 462 U.S. at 305, 103 S.Ct. at 2368 (quoting Warren, The Bill of Rights and the Military, 37 N.Y.U. L.Rev. 181, 187 (1962)).")

Ninth Circuit in *Van Sickel v. United States*, 285 F.2d 87 (9th Cir 1960). The court noted that no action will lie against the United States if the decedent, whose death was incident to military service, could not himself have sued the United States under the FTCA.

Ms. King concedes that the *Feres* Doctrine bars any claim based on the meeting between SSgt. King and his commanding officer. (Plaintiff's Point and Authorities In Opposition to Defendant's Motion for Partial Summary Judgment at 4.) The wrongful death contention here rests on the theory that SSgt. King committed suicide as a result of the government's arrest of his wife on suspicion of shoplifting. As it appears that there are no material facts in dispute by either side (Defendant's Reply Memorandum in Support of Partial Summary Judgment, at 11, n. 2.), the court must determine whether, as a matter of law, Ms. King can support her charge of military negligence in the wrongful death of her husband.

### A. *Duty*

 In order to hold the government negligently liable for the death of SSgt. King, it first must be established that the government owed him a duty to protect him from that harm. The existence of a legal duty, if any, is a question of law for determination by the courts. Witkin, *Torts*, § 748, at 83. An essential element of the duty analysis is foreseeability. Witkin, *Torts*, § 751, at 90; *Bilyeu v. Standard Freight Lines*, 182 Cal.App.2d 536, 542, 6 Cal.Rptr. 65 (1960); conduct is tortious only where some unreasonable risk of danger to others should have been foreseen by a reasonable person. Witkin, *Torts*, § 751, at 89; *Dillon v. Legg*, 68 Cal.2d 728, 739, 69 Cal.Rptr. 72, 441 P.2d 912 (1968). The proper inquiry is whether the government should reasonably have foreseen that the temporary arrest of Ms. King would likely have resulted in the *kind of harm*

SSgt. King experienced. *Ballard v. Uribe*.[3]

 Thus, this court must determine whether, as a matter of law, the government should reasonably have foreseen that SSgt. King would attempt suicide as a result of his wife's temporary arrest and thus, in effect, owed him a duty to protect him from killing himself.

Certainly arresting and imprisoning an individual may bring about shame, discredit, and emotional and mental distress to the person arrested; the government may be considered reasonably to have foreseen such consequences to Ms. King herself. Yet she has not come forward with any evidence whatsoever which would suggest that the government had any reason to believe that her husband, SSgt. King, would respond to the events as he did. We have no evidence that SSgt. King had any connection to his wife's arrest for suspected shoplifting and the court cannot find that his tragic suicide was a reasonably foreseeable consequence of that arrest.

Accordingly, the court holds that Ms. King is unable to establish the existence of a duty. As this missing element is necessary to her case, the court must grant the government's partial summary judgment motion.

### B. *Causation*

Another condition necessary for a finding of negligent liability requires a determination that the BX supervisor's conduct "proximately caused" SSgt. King to commit suicide. *Tate v. Cononica*, 180 Cal. App.2d 898, 915, 5 Cal.Rptr. 28 (1960). Proximate cause is generally held to be a question of fact for determination by the fact finder. *See, e.g., Bigbee v. Pacific Tel. & Tel. Co.*, 34 Cal.3d 49, 56, 192 Cal.Rptr. 857, 665 P.2d 947 (1983). But when, as in this case, the facts are undisputed, the question is often regarded as one of law. *See, e.g.*, Witkin, *Torts*, § 975, at 366; *Ca-*

---

**3.** 41 Cal.3d 564, 582 n. 6, 224 Cal.Rptr. 664, 715 P.2d 624 (1986) ("[A] court's task—in determining 'duty'—is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party.")

*polungo v. Bondi,* 179 Cal.App.3d 346, 354, 224 Cal.Rptr. 326 (1986).

Courts have long held that when, after a defendant's conduct occurs, an independent intervening act operates to produce injury, the chain of causation may be broken. *See, e.g.,* Witkin, *Torts,* § 975, at 366; *Angelis v. Foster,* 24 Cal.App.2d 541, 75 P.2d 650 (1938). In analyzing proximate cause, the Second Restatement of Torts states that a defendant's act is not a proximate cause of harm where "after the events and looking back from the harm to the actors' negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm." Rest.2d, Torts, § 435. The test is whether "a reasonable [person] knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted." Rest.2d, Torts, § 447(b).

 In *Lucas v. City of Long Beach,* 60 Cal.App.3d 341, 131 Cal.Rptr. 470 (1976), the defendant police department placed a teenage individual in a juvenile detention center without supervision, in spite of their suspicion that he was under the influence of drugs. While detained, he committed suicide. The court found, in the mother's wrongful death claim involving the suicide, that proximate cause was not established against the police. The court held that:

> The intentional act of a third person is a superseding cause of harm and relieves the original actor of liability unless such act was reasonably foreseeable or the failure to foresee such act was a factor in the original negligence.

*Id.* at 351, 131 Cal.Rptr. 470 (*citing* Rest.2d Torts). The court observed that "the most that can be said concerning [the police's] negligence is that it provided a greater opportunity than already existed for [the decedent to] act. [His] death, however, required the intervention of an additional independent force, to wit, [his own] intentional act." *Id.*

Similarly, when we look back from SSgt. King's death, it would have appeared highly extraordinary that the isolated event of his wife's arrest for suspected shoplifting would have brought about his suicide. SSgt. King's tragic death had to have involved an additional intervening, independent force—his own intention to kill himself.

Additionally, SSgt. King's meeting with his superiors would also have been an independent intervening event, breaking the chain of causation. Ms. King asserts that SSgt. King's meeting with his commanding officer generated "severe emotional distress" in her husband. (Complaint, ¶ 47.) Although the meeting did take place and is available to be considered in analyzing whether Ms. King can show proximate cause between her arrest alone and the subsequent suicide, she concedes that *Feres* bars any claim related to the meeting.

Accordingly, the court concludes that Ms. King failed to and is unable to show proximate cause. As she is unable to establish the existence of this element so completely essential to her case, the court must, as with the lacking duty element, grant the government's partial summary judgment motion.

IT IS HEREBY ORDERED:

Pursuant to Fed.R.Civ.P. 56, the government's partial summary judgement motion is granted, and the wrongful death count of the complaint is dismissed.

IT IS SO ORDERED.