WITHDRAWN SEE DM-378



# Office of the Attorney General
## State of Texas

August 25, 1995

DAN MORALES
ATTORNEY GENERAL

Mr. Michael A. Moses
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-362

Re: Whether a school district may purchase, lease, rent, or use for the transportation of students to and from school or school activities a motor vehicle that does not meet federal and state school bus safety standards and related questions (RQ-781)

Dear Commissioner Moses:

Your predecessor in office asked several questions about federal and state statutes regarding school bus safety. First, he asked about provisions of the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. §§ 1381 - 1431.[1] This federal statute requires the secretary of the United States Department of Transportation to promulgate federal vehicle safety standards for school buses and school bus equipment. *Id.* § 1392(i)(1)(A), (B); *see also* 49 C.F.R. part 571 (federal motor vehicle safety standards promulgated by the National Highway Traffic Safety Administration of United States Department of Transportation). The term "school bus" in the National Traffic and Motor Vehicle Safety Act is defined as

> a passenger motor vehicle which is designed to carry more than 10 passengers in addition to the driver, and which the Secretary [of the United Stated Department of Transportation] determines is likely to be significantly used for the purpose of transporting primary, preprimary, or secondary school students to or from such schools or events related to such schools.

15 U.S.C. § 1391(14).[2] Federal law further provides that no person shall "manufacture for sale, sell, offer for sale, or introduce or deliver for introduction in interstate commerce,

---

[1] The two provisions in the National Traffic and Motor Vehicle Safety Act pertaining particularly to school buses, 15 U.S.C. § 1391(14), (15) and 15 U.S.C. § 1392(i), were added to the act in 1974. *See* Act of Oct. 27, 1974, Pub. L. No. 93-492, §§ 201-202, 1974 U.S.C.C.A.N. (88 Stat.) 1705-05.

[2] The federal regulations define the term "school bus" somewhat differently: "*School bus* means a bus that is sold, or introduced in interstate commerce, for purposes that include carrying students to and from school or related events, but does not include a bus designed and sold for operation as a common carrier in urban transportation." 49 C.F.R. § 571.3(b). "*Bus* means a motor vehicle with motive power, except a trailer, designed for carrying more than 10 persons." *Id.*

or import into the United States, any motor vehicle . . . unless it is in conformity with [any applicable federal motor vehicle safety standard]." 15 U.S.C. § 1397(a)(1).

Your predecessor asked whether these federal provisions prohibit a school district from purchasing, leasing, renting or using any motor vehicle that does not meet the federal motor vehicle safety standards for school buses. Specifically, he asked:

> May a school district purchase, lease, rent, or use for the transportation of students to and from school or school activities a motor vehicle that does not meet federal school bus safety standards promulgated under 15 U.S.C.A. 1392(i), regardless of the vehicle's rated seating capacity, the actual number of students being transported, or the purpose of the transportation service (daily route versus special purpose transportation).

The federal provisions described above prohibit only certain activities, *i.e.*, the manufacture, sale, introduction or delivery for introduction in interstate commerce, or importation of school buses. While these federal provisions apply to manufacturers, sellers, and importers of school buses, they do not appear to apply to purchasers, lessees, renters or users of school buses or other motor vehicles used to transport students. *Cf. Rauh v. Jensen*, 507 P.2d 520, 522 (Mont. 1973) (National Traffic and Motor Vehicle Safety Act is designed to protect general public from misdesign by automobile manufacturers, distributors, or dealers; it does not place duty on automobile owners to protect others).[3] As discussed below, however, state statutes impose school bus safety standards on school districts.

Your predecessor asked about two Texas statutes, article 6687b and article 6701d, V.T.C.S., which contain several provisions relating to school buses.[4] Section 124(b) of article 6701d, for example, provides that "[e]very school bus . . . shall . . . be equipped with signal lamps" according to certain specifications. *See also* V.T.C.S. art. 6701d, §§ 105(c) (requiring every school bus to be equipped with convex mirrors), 107 (requiring every school bus to be equipped with fire extinguisher). A violation of a provision of article 6701d constitutes a misdemeanor "unless such violation is by [that article] or other law of this State declared to be a felony." *Id.* § 143(a). Section 5 of article 6687b imposes special licensing restrictions on any person who drives "any motor vehicle while in use as a school bus for the transportation of pupils to or from school." As with article 6701b, violation of a provision of article 6687b constitutes a misdemeanor "unless such

---

[3]School districts should keep in mind the possibility, however, that federal motor vehicle safety standards for school buses and school bus equipment might be used as benchmarks in liability cases against school districts involving school bus accidents.

[4]As of September 1, 1995, both article 6687b and article 6701d will be repealed and their provisions reorganized and recodified in the newly-enacted Transportation Code. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 24 (repealer), 27 (effective date), 1995 Tex. Sess. Law Serv. 1025, 1870-71. The Transportation Code is a nonsubstantive revision of the law. *See id.* § 25, at 1871.

violation is by [that article] or other laws of this State declared to be a felony." V.T.C.S. art. 6687b, § 44(a).

Section 2(e) of article 6701d defines the term "school bus" as follows:

> every motor vehicle that complies with the color and identification requirements set forth in the most recent edition of standards as produced and sponsored by the National Commission on Safety Education of the National Education Association, Washington, D.C., and is being used to transport children to or from school or in connection with school activities, but not including buses operated by common carriers in urban transportation of school children.

We will refer to the standards referred to in this definition as the "NEA standards." Your predecessor stated that "[i]t is unclear exactly what vehicles are [subject to article 6701d as school buses] because the commission referred to in the definition of 'school bus' has not been in existence for some period of time and the requirements established by it are unknown." He also pointed out that article 6687b does not define the term "school bus." We note, however, that it does provide as follows:

> Words and phrases not defined in this Act but which are defined in the Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes) shall have the meanings respectively ascribed to them in that Act. Words and phrases which are defined neither in this Act nor in the Uniform Act Regulating Traffic on Highways shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

V.T.C.S. art. 6687b, § 1.

The definition of the term "school bus" in section 2(e) of article 6701d refers in part to "the most recent edition of standards" of a private entity. In *Dudding v. Automatic Gas Co.*, 193 S.W.2d 517 (Tex. 1946), the Texas Supreme Court suggested that a statute that prospectively adopts the future rules of an unofficial agency would violate article III, section 1 of the Texas Constitution.[5] In Attorney General Opinion DM-159 (1992), this office concluded that a provision of the Health and Safety Code that referred to outdoor shooting range "standards that are at least as stringent as the standards printed in the National Rifle Association range manual," and failed to refer to a particular edition of the range manual, violated article III, section 1 for the reasons stated in *Dudding*. Like the statute at issue in Attorney General Opinion DM-159, section 2(e) of article 6701d

---

[5]Article III, section 1 of the Texas Constitution provides as follows: "The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"

prospectively adopts the future rules of an unofficial agency. For this reason, we conclude that the reference to the NEA standards in the definition of the term "school bus" in section 2(e) of article 6701d is unconstitutional.

Section 2(e) was amended to its present form in 1971. *See* Act approved April 27, 1971, 62d Leg., R.S., ch. 83, § 1, 1971 Tex. Gen. Laws 722, 723. The bill enacting this amendment contains a severability clause that applies if "any provision of this Act or the application thereof to any person or circumstances is held invalid." *Id.* § 104, at 773. We conclude that only the reference to the NEA standards in section 2(e) is invalid and that the remaining language remains in effect. *See Ohio Oil Co. v. Giles*, 235 S.W.2d 630, 637 (Tex. 1951) (where statute contains words or provisions that are legal and others that are not, effect may be given to legal words or provisions by separating them from the illegal ones). Therefore, we construe section 2(e) of article 6701d to define the term "school bus" as follows:

> every motor vehicle that . . . is being used to transport children to or from school or in connection with school activities, but not including buses operated by common carriers in urban transportation of school children.[6]

We believe this definition embraces both school buses owned and operated by school districts and, with the exception of "buses operated by common carriers in urban transportation of school children," school buses that are privately owned and operated pursuant to a contract with a school district. *See also infra* note 13. We also believe it embraces passenger cars used for the transportation of students to and from school or in connection with school activities as provided by newly enacted section 34.003 of the Education Code, which was substantially revised by the Seventy-fourth Legislature in Senate Bill No. 1. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 2207, 2351 (to be codified as Educ. Code § 34.003). *See also infra* note 12.

With respect to article 6701d, your predecessor asked the following:

> May a school district purchase, lease, rent, or use for the transportation of students to and from school or school activities a motor vehicle that does not meet state school bus safety standards under [a]rticle 6701d, Revised Statutes, regardless of the vehicle's rated seating capacity, the actual number of students being transported, or the purpose of the transportation service?

---

[6]We disagree with the contention made in a brief submitted to this office that the definition of the term "school bus" in section 2(e) of article 6701d is meaningless. We also disagree with the contention that section 108A of article 6701d requires that the Texas definition of the term "school bus" must mirror the federal definition. Section 108A merely authorizes the Texas Department of Public Safety to establish vehicle equipment standards that are consistent with federal standards. The legislature, in enacting section 2(e), clearly intended to provide a separate, state law definition of the term "school bus."

The application of the article 6701d school bus safety standards to which you refer, *see* V.T.C.S. art. 6701d, §§ 105(c) (requiring every school bus to be equipped with convex mirrors), 107 (requiring every school bus to be equipped with fire extinguisher), 124(b) (requiring every school bus to be equipped with signal lamps), does not depend upon the rated seating capacity of a motor vehicle or the actual number of students being transported in the motor vehicle. Rather, the application of these provisions to a motor vehicle depends upon the purpose for which the motor vehicle is used. It is apparent from the article 6701d definition of "school bus" that these provisions apply to any motor vehicle used by a school district "to transport children to or from school or in connection with school activities." *See id.* § 2(e). Thus, it would appear that school districts are precluded from transporting students to or from school or in connection with school activities in motor vehicles that do not comply with the aforementioned standards.[7] *See also infra* note 9.

We further note that while the provisions of article 6701d at issue merely require that school buses be equipped with convex mirrors, V.T.C.S. art. 6701d, § 105(c), fire extinguishers, *id.* § 107, and signal lamps, *id.* § 124(b), section 105(a) of article 6701d, as amended by Senate Bill No. 1, authorizes the General Services Commission and the Department of Public Safety to promulgate comprehensive safety regulations for all school buses for the transportation of school children owned and operated by any school district or privately owned and operated under contract with a school district.[8] Section 34.002(b)

---

[7]You do not ask and we do not address whether or to what extent federal law pre-empts these state school bus safety standards. *See infra* note 8 (quoting 15 U.S.C. § 1392(d)).

[8]Section 105(a), as amended by Senate Bill No. 1, provides as follows:

> The General Services Commission, by and with the advice of the Department of Public Safety, shall have joint and complete responsibility to adopt and enforce regulations governing the design, color, lighting and other equipment, construction, and operation of all school buses for the transportation of school children when owned and operated by any school district or privately owned and operated under contract with any school district in this State, and such regulations shall by reference be made a part of any such contract with a school district. Every school district, its officers, employees, and every person employed under contract by a school district shall be subject to these regulations.

Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 56, 1995 Tex. Sess. Law Serv. 2207, 2498.

The National Traffic and Motor Vehicle Safety Act of 1966 contains the following provision:

> Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard. Nothing in this section shall be construed as preventing any State from enforcing any safety standard which is identical to a Federal safety standard. Nothing in this section shall be construed to prevent the Federal Government or the government of any State or political subdivision

of the Education Code, as enacted by Senate Bill No. 1, provides that "[e]ach school district shall comply with [these] safety standards." *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Sess. Law Serv. 2207, 2351 (to be codified as Educ. Code § 34.002(b)). A school district that fails to do so is ineligible to receive certain funds. *See id.* (to be codified as Educ. Code § 34.002(c)). Such safety standards also apply to school buses leased by a school district, *see id.* (to be codified as Educ. Code § 34.009(b)), or operated by a transit authority or commercial transportation company under contract with a school district, *see id.* at 2352 (to be codified as Educ. Code § 34.008(a)(2)).[9]

---

(footnote continued)

> thereof from establishing a safety requirement applicable to motor vehicles or motor vehicle equipment procured for its own use if such requirement imposes a higher standard of performance than that required to comply with the otherwise applicable Federal standard.

15 U.S.C. § 1392(d).

The General Services Commission and the Department of Public Safety do not appear to have promulgated comprehensive school bus safety standards pursuant to section 105(a) of article 6701d. We have obtained a copy of a publication entitled *Specifications*, prepared jointly by the General Services Commission, the Texas Education Agency, and the Department of Public Safety, which contains minimum requirements for the construction of school buses purchased and used by Texas public schools participating in the Foundation School Program.

[9]Recently enacted section 34.003 of the Education Code states in pertinent part:

> (a) School buses shall be used for the transportation of students to and from schools on school bus routes having 10 or more students . . . .
>
> (b) To transport students in connection with school activities other than on school bus routes to and from school:
>
>> (1) only school buses, buses chartered from motor bus companies, or district-owned buses *meeting the safety standards prescribed for vehicles used by motor bus companies* may be used to transport 10 or more students in any one vehicle.

Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Sess. Law Serv. 2207, 2351 (to be codified as Educ. Code § 34.003) (emphasis added). Given that section 34.003 was enacted in the same legislation that enacted section 34.002 of the Education Code and revised section 105(a) of article 6701d pertaining to safety standards applicable to "every motor vehicle . . . used to transport children to or from school or in connection with school activities," we do not read the language italicized above to prescribe different safety standards for district-owned buses used to transport students in connection with school activities other than on school bus routes to and from school. Rather, we construe this language to require such vehicles to comply both with generally applicable safety standards and "safety standards prescribed for vehicles used by motor bus companies."

With respect to article 6687b, your predecessor in office asked:

> If a school district may transport students to and from school or school activities in a motor vehicle that does not meet federal or state school bus safety standards, must the driver satisfy the requirements for a driver of a "motor vehicle while in use as a school bus" under [section 5 of article 6687b] regardless of the vehicle's rated seating capacity, the actual number of students being transported, or the purpose of the transportation service?

Because we have concluded that a school district may not transport students to and from school or school activities in a motor vehicle that does not meet state school bus safety standards under article 6701d, it does not appear necessary for us to answer this question. We do note that the term "school bus" in section 5 of article 6687b, which governs the licensing of those who drive "any motor vehicle while in use as a school bus for the transportation of pupils to or from school," has the same meaning as it does in article 6701d.[10]

Your predecessor also asked about section 4.18 of the Education Code which provided in pertinent part as follows:

> (a) All vehicles used for the transportation of pupils to and/or from any school or college shall have a sign on the front and rear and on each side of the vehicle, showing the words "School Bus" and such words shall be plainly readable in letters not less than eight inches in height. It shall be the duty of the operator of any school bus to see that the signs are displayed, but if a school bus is being operated on a highway for any purpose other than the transportation of pupils, the markings indicating "School Bus" shall be covered or concealed.
>
> (b) Any person who violates the provisions of this section shall be guilty of a misdemeanor unless such violation is by other law of this state declared to be a felony.

This provision was repealed by Senate Bill No. 1. Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58, 1995 Tex. Sess. Law Serv. 2207, 2495. Its substantive provisions do not appear to have been reenacted.[11]  Therefore, this question is moot.

---

[10]We further note that the Department of Public Safety is authorized to promulgate rules regarding school bus drivers. *See* V.T.C.S. art. 6687b, § 5(a), as amended by Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 55, 1995 Tex. Sess. Law Serv. 2207, 2497-98.

[11]Your predecessor asked if a "vehicle [must] be identified as a school bus in compliance with [section 4.18 of the Education Code] . . . regardless of the vehicle's rated seating capacity, the actual number of students being transported, or the purpose of the transportation service?"  In addition, your predecessor asked the following questions about section 4.18: "Is the driver subject to criminal penalty for

Finally, your predecessor asked the following series of questions:

> May a school district require or allow students to be transported in the personal vehicles of school district employees or other persons? If so, do any of the above federal or state requirements apply to those vehicles or the drivers of those vehicles, regardless of the vehicle's rated seating capacity, the actual number of students being transported, or the purpose of the transportation service?

While we are not aware of a statute or regulation which prohibits a school district from requiring or allowing students to be transported in the personal vehicles of school district employees or other persons, nor are we aware of a statute or regulation which expressly permits it.[12] As discussed above, the federal provisions about which your predecessor inquired apply only to the manufacture for sale, sale, offer for sale, or introduction or delivery for introduction in interstate commerce, or importation of school buses, and do not apply to the use of school buses. The school bus safety standards in article 6687b and article 6701d do not appear to be intended to apply to privately owned vehicles which are operated by private individuals for private purposes.[13] Thus, these provisions do not

---

(footnote continued)
failure to comply . . . ?  Are any other school district employees or officers subject to criminal penalty for the failure to comply . . . ?"

[12]Recently enacted section 34.003 of the Education Code authorizes a school district to require or allow students to be transported in passenger cars. That provision states in pertinent part:

> (a) School buses shall be used for the transportation of students to and from schools on school bus routes having 10 or more students. On those school bus routes having fewer than 10 students, passenger cars may be used for the transportation of students to and from school.

> (b) To transport students in connection with school activities other than on school bus routes to and from school:

> . . . .

> (2) passenger cars may be used to transport fewer than 10 students.

> (c) In all circumstances in which passenger cars are used to transport students, the operator of the vehicle shall ensure that the number of passengers in the vehicle does not exceed the designed capacity of the vehicle and that each passenger is secured by a safety belt.

Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Sess. Law Serv. 2207, 2351 (to be codified as Educ. Code § 34.003). We do not construe this provision to address whether or not school districts are authorized to transport students in passenger cars owned by persons or entities other than the school district.

[13]We believe that interpreting the school bus safety provisions in articles 6687b and 6701d to apply to privately owned vehicles operated by private individuals for private purposes, such as driving family members to and from school, would lead to absurd, unreasonable results. Thus, we conclude that these provisions should be interpreted more narrowly. See Gov't Code § 311.021(3), (4) ("In enacting a

appear to prohibit a school district from merely *permitting* students to be transported in the personal vehicles of school district employees or other persons.[14]   We caution, however, that these state statutory school bus safety standards could be construed to apply to personal vehicles of school employees or other persons used to transport students to or from school or school activities when required by a school district.  The definition of "school bus" in section 2(e) of article 6701d, the operative definition for both that article and section 5 of article 6687b, is not limited to just those motor vehicles owned or operated by a school district or privately owned and operated under contract with a school district.  *Compare* V.T.C.S. art. 6701d, § 2(e) (defining the term "school bus" as "every motor vehicle that . . . is being used to transport children to or from school or in connection with school activities, but not including buses operated by common carriers in urban transportation of school children") *with id.* § 105(a) (referring to "all school buses for the transportation of school children when owned and operated by any school district or privately owned and operated under contract with any school district in this state").  Therefore, it is entirely possible that a court could construe these provisions to apply to motor vehicles that are operated at the behest of a school district but that are neither owned and operated by a school district nor operated under a contract with a school district.

## S U M M A R Y

Federal statutes requiring the secretary of the United States Department of Transportation to promulgate federal vehicle safety standards for school buses and school bus equipment, 15 U.S.C. § 1392(i)(1)(A), (B), and prohibiting the manufacture for sale, sale, offer for sale, or introduction or delivery for introduction in interstate commerce, or importation into the United States of any motor vehicle unless it is in conformity with any applicable federal vehicle safety standards, *id.* § 1397(a)(1), do not appear to apply to purchasers, lessees, renters or users of school buses or other motor vehicles used to transport school children.

This office construes section 2(e) of V.T.C.S. article 6701d to define the term "school bus" to mean "every motor vehicle that . . . is being used to transport children to or from school or in connection

---

(footnote continued)

statute, it is presumed that: . . . (3) a just and reasonable result is intended; (4) a result feasible of execution is intended . . . .").

[14]While we are not aware of a statute or regulation which prohibits a school district from allowing students to be transported in the personal vehicles of school district employees or other persons, we believe that every school district should evaluate the wisdom of doing so, specifically with their legal counsel.

with school activities, but not including buses operated by common carriers in urban transportation of school children." Therefore, school districts are precluded from transporting students to or from school or in connection with school activities in motor vehicles that do not comply with school bus safety standards in that article. *See* V.T.C.S. art. 6701d, §§ 105(c) (requiring every school bus to be equipped with convex mirrors), 107 (requiring every school bus to be equipped with fire extinguisher), 124(b) (requiring every school bus to be equipped with signal lamps). V.T.C.S. article 6687b, which imposes special licensing restrictions on any person who drives "any motor vehicle while in use as a school bus for the transportation of pupils to or from school," *see id.* art. 6687b, § 5, and the afore-mentioned school bus safety standards in article 6701d could be construed to apply to personal vehicles of school employees or other persons used to transport students to or from school or school activities when required by a school district.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General